BARBARA ANN SHEPHERD v. JAMES E. OLIVER, M.D.

No. 8130SC924

(Filed 4 May 1982)

**Rules of Civil Procedure § 26— expert witness not listed on interrogatories—refusing to allow witness to testify error**

 In a medical malpractice action where plaintiff's expert witness failed to testify as expected and plaintiff decided to call an expert listed as one of defendant's witnesses and informed defendant's attorney of that fact, the trial court erred in refusing to allow the witness to testify under G.S. 1A-1, Rule 26(e)(1)(B) since it was not a case in which plaintiff failed or refused to answer defendant's interrogatories or to supplement them. The probative value of the witness's testimony was great in that it would have precluded the defendant from obtaining a directed verdict, and the court properly could have allowed the defendant an opportunity to prepare for this witness by granting a continuance or an opportunity to take a deposition.

APPEAL by plaintiff from *Lamm, Judge.* Judgment entered 9 March 1981 in Superior Court, MACON County. Heard in the Court of Appeals 8 April 1982.

Plaintiff alleged medical malpractice on the part of the defendant. She offered evidence to show that defendant treated her over a long period of time, that he failed to properly treat her, failed and refused to see plaintiff when requested to do so, and failed to properly diagnose her condition in August and September of 1970 which resulted in this 27-year-old plaintiff losing her leg by amputation.

Plaintiff presented the expert medical testimony of Dr. Joseph Noto to the effect that defendant did not treat, care or diagnose plaintiff in accordance with the legally applicable standard of care and practice. On cross examination Dr. Noto testified that in his opinion it would have been unlikely that he could have saved the leg if he had started proper treatment in August 1970.

The trial of this case began on a Tuesday and on Wednesday morning counsel for plaintiff informed defendant's attorney that

plaintiff would call as her witness Dr. Michael Malinowsky, a medical expert on defendant's witness list. For reasons unrelated to this case, the trial court took a recess on Wednesday evening and did not resume trial until Friday morning. On Friday when plaintiff called Dr. Malinowsky as her witness, defendant objected on the ground of surprise. The court ordered *voir dire* of the witness who testified in response to hypothetical questions that: plaintiff could have had the occlusion in her leg on 7 August 1970; prompt diagnosis probably could have saved plaintiff's leg; a delay in the diagnosis could have resulted in the loss of plaintiff's leg; and that defendant's actions were not in accordance with the requisite standards of practice of practitioners in defendant's field, with similar education and experience in the same or similar location at the time.

The trial court found that because of the interrogatories served on plaintiff seeking the identity and proposed testimony of any expert witnesses, Dr. Malinowsky's testimony constituted surprise to defendant. The court would not allow this testimony to be presented to the jury. At the close of plaintiff's evidence, the court granted defendant's motion for directed verdict, stating that plaintiff had presented sufficient evidence of defendant's negligence but had not presented sufficient evidence that defendant's negligence had proximately caused plaintiff to lose her leg.

*Herbert L. Hyde and R. S. Jones, Jr., for the plaintiff-appellant.*

*Harrell & Leake by Larry Leake for defendant-appellee.*

MARTIN (Robert M.), Judge.

On 12 June 1979 the defendant served upon the plaintiff interrogatories regarding any expert witnesses plaintiff intended to use at trial. Pursuant to an order compelling plaintiff to answer these interrogatories, she responded on 10 April 1980. Rule 26(e)(1)(B), N.C. Rules Civ. Proc., provides that a party who has responded to a request for discovery has a duty seasonably to supplement his response with respect to any questions directly addressed to the identity of each person expected to be called as an expert witness at trial. The sanction provision, Rule 37(b)(2)(b), N.C. Rules Civ. Proc., allows the court to make such orders as are "just" when a party fails to obey an order to provide or per-

mit discovery, including refusing to allow the disobedient party to introduce the designated matters into evidence.

This is not a case in which plaintiff failed or refused to answer defendant's interrogatories. *See Hammer v. Allison,* 20 N.C. App. 623, 202 S.E. 2d 307, *cert. denied,* 285 N.C. 233, 204 S.E. 2d 23 (1974). She filed her answers within the time specified by the court. As soon as plaintiff decided to call Dr. Malinowsky as her witness, the defendant was informed. Plaintiff's counsel made this decision when their expert, Dr. Noto, failed to testify as expected. It would have been impossible for plaintiff to supplement her response pursuant to Rule 26(e)(1) before she expected to call Dr. Malinowsky as an expert witness. Thus plaintiff did not fail to make discovery in accordance with the appropriate discovery rules.

A separate consideration is whether defendant would have suffered unfair surprise had Dr. Malinowsky's testimony been admitted. Defendant listed Dr. Malinowsky as a defense witness prior to jury selection and the jury was examined concerning him. "Evidence may have *some* tendency to prove a fact and still be inadmissible because its probative force is so weak that to receive it would . . . unfairly surprise the opponent. . . ." 1 Stansbury's N.C. Evidence § 77, p. 236 (Brandis rev. 1973); *State v. Brantley,* 84 N.C. 766 (1881); *State v. Hugenberg,* 34 N.C. App. 91, 237 S.E. 2d 327, *disc. rev. denied,* 293 N.C. 591, 238 S.E. 2d 151 (1977). In this case, however, the challenged testimony brought out on *voir dire* tended to show that defendant's negligence was the proximate cause of plaintiff's injury. The probative value of this testimony was *great* in that it would have precluded the defendant from obtaining a directed verdict. The court properly could have allowed the defendant an opportunity to prepare for this witness by granting a continuance or an opportunity to take a deposition. In this case, however, the ends of justice require that Dr. Malinowsky's testimony be admitted into evidence. *See Thornburg v. Lancaster,* 303 N.C. 89, 277 S.E. 2d 423 (1981); *Peebles v. Moore,* 302 N.C. 351, 275 S.E. 2d 833 (1981).

For the foregoing reasons the trial court erred in disallowing Dr. Malinowsky's testimony and in granting a directed verdict for defendant.

Reversed.

Judges VAUGHN and ARNOLD concur.