MOUNT OLIVE HOME HEALTH CARE AGENCY, INC., PETITIONER/APPELLANT
v. N.C. DEPARTMENT OF HUMAN RESOURCES, RESPONDENT/APPELLEE
AND TAR HEEL HEALTH CARE SERVICES, RESPONDENT/APPELLEE

No. 8510DHR379

(Filed 3 December 1985)

1. Bills of Discovery § 6; Administrative Law § 4— administrative hearing—failure to comply with discovery order—evidence excluded—no error

A hearing officer in a contested certificate of need case did not err by excluding the testimony of petitioner's expert witnesses where the assignment of error was based on petitioner's exception to the entry of the order, not specific findings of fact, and the facts found by the hearing officer supported his order and showed no abuse of discretion. N.C. Rule of Civil Procedure 37(b)(2)(b), Rules 10 NCAC 3R .0413, 22 NCAC 2C .0307.

2. Hospitals § 2.1— home health agency—application for new agency approved—evidence sufficient

There was substantial evidence to support the approval of respondent's application for a certificate of need for a new home health agency where, although no financial statement was submitted, respondent stated in its application that a $10,000 checking account and a $30,000 cash equivalent fund were available to cover initial costs, respondent provided information showing a breakeven point in seven months, a projected net income of $6,407.57 after its first year of operations, a projection of revenues and expenses showing an increase in profitability, and there was no contradictory evidence in the record; there was evidence that the proposal was consistent with the applicable State Medical Facilities Plan and 10 NCAC 3R .2004(c); although petitioner was never unable to serve a patient and provided services to all patients within twenty-four hours of referral, respondent offered a wider range of services and offered services that would delay or prevent hospitalization while petitioner basically provided services to patients receiving care under a post-hospitalization plan; there was a low utilization rate of home health services in the area; there was no factual basis in the record to support petitioner's contention that it could expand to meet the projected need for home health care services; respondent's application provided assurances that it would comply with the conditions of participation under Medicaid and Medicare as required by 10 NCAC 3R .2005(a); there was no evidence that respondent would be unable to comply with the conditions of participation; and the requirements of 10 NCAC 3R .0305(h) regarding the timing of the review of the application were complied with. N.C.G.S. 150A-51, 10 NCAC 3R .2009, 10 NCAC 3R .2004(c).

APPEAL by petitioner from Department of Human Resources Division of Facility Services. Decision entered 18 October 1984. Heard in the Court of Appeals 23 October 1985.

Respondent Tar Heel Health Care Services (Tar Heel) filed an application with Respondent Certificate of Need Section, Department of Human Resources (the Section) for approval of a new home health agency. The Section approved the application on 28 October 1983. Petitioner, Mount Olive Home Health Care Agency, Inc. (Mount Olive), requested a contested case hearing which was granted on 21 December 1983 and Tar Heel was allowed to intervene as respondent on 12 January 1984.

After being permitted to intervene, Tar Heel served interrogatories on Mount Olive requesting, *inter alia*, that Mount Olive identify the expert witnesses it intended to present at the hearing. Mount Olive answered the interrogatories on 27 February 1984 but did not identify any expert witnesses. Thereafter the contested case hearing was scheduled for 30 May 1984. On 2 May 1984, the hearing officer issued an order providing that responses to all discovery be exchanged on or before 21 May 1984. On 9 May 1984, the hearing officer issued another order specifically providing that all expert witnesses be identified before 21 May. By agreement of counsel, it was arranged that the discovery responses would be exchanged at the Section's offices in Raleigh on 21 May. When counsel for Mount Olive arrived, he was informed that Tar Heel's responses were available, but the final draft of the Section's responses would not be completed until later in the afternoon. Mount Olive's counsel left without picking up either set of responses and did not return before the Section's office closed for the day. The Section mailed its responses to Mount Olive's counsel, but neglected to enclose Tar Heel's responses. Mount Olive's responses, left at the Section's office on 21 May, did not identify its expert witnesses. On 24 May, Mount Olive attempted to supplement its responses by providing the names of four expert witnesses. Tar Heel moved to preclude Mount Olive from introducing expert testimony based on its failure to comply with discovery, and, on 29 May 1984, the hearing officer allowed Tar Heel's motion.

A recommendation for approval of Tar Heel's application was issued 6 September 1984. The Director of Division of Facility Services approved the recommendation on 18 October 1984. Petitioner appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Barbara P. Riley, for respondent appellee, N.C. Department of Human Resources.*

*Jordan, Brown, Price & Wall, by William R. Shenton, for intervenor appellee, Tar Heel Health Care Services.*

*Smiley, Olson, Gilman & Pangia, by William P. Harper, Jr., for petitioner appellant.*

MARTIN, Judge.

The two main issues on this appeal are whether the hearing officer erred in excluding the testimony of Mount Olive's expert witnesses, and whether the Agency's decision was supported by substantial evidence. We find no error in the exclusion of the expert testimony and conclude that the final decision of the Agency was supported by substantial evidence. Therefore, we affirm the decision of the Agency.

[1] Petitioner first assigns error to the preclusion of the testimony of its expert witnesses by the hearing officer. This assignment of error is based on petitioner's exception to the entry of the order and not specific findings of fact. Therefore, the question for review is whether the facts found support the conclusions of law and judgment and not the sufficiency of the evidence to support the findings of fact. *Routh v. Weaver*, 67 N.C. App. 426, 313 S.E. 2d 793 (1984).

Pursuant to Rules 10 NCAC 3R .0413 and 22 NCAC 2C .0307, a hearing officer may allow any or all the methods of discovery provided in North Carolina Rules of Civil Procedure. In addition, unless the pretrial order specifies otherwise, 10 NCAC 2C .0307(a) provides that "the procedure for discovery and the sanctions for failure to make discovery set forth in the Rules of Civil Procedure apply to the administrative hearing procedure." Thus, a hearing officer has the same authority as a judge in a civil action in controlling the discovery process.

"The Sanction provision, Rule 37(b)(2)(b), N.C. Rules Civ. Proc., allows the court to make such orders as are 'just' when a party fails to obey an order to provide or permit discovery, including refusing to allow the disobedient party to introduce the designated matters into evidence." *Shepherd v. Oliver*, 57 N.C. App. 188, 189-90, 290 S.E. 2d 761, 763, *disc. rev. denied*, 306 N.C. 387, 294 S.E. 2d 212 (1982). The choice of sanctions under Rule 37

cannot be overturned absent a showing of abuse of that discretion. *Routh v. Weaver, supra.* We find that the petitioner has failed to show abuse.

The hearing officer made these relevant Findings of Fact:

1. On January 18, 1984 Respondent-Intervenor filed Interrogatories on Petitioner requesting in part that Petitioner identify the expert witnesses it intended to use at the hearing herein. Petitioner did not identify any expert witnesses in its Answers filed February 27, 1984.

2. With permission of the Hearing Officer, Petitioner filed Interrogatories and a Request for Production of Documents on Respondent CON on May 3, 1984 and Interrogatories and a Request for Production of Documents on Respondent-Intervenor on May 3, 1984.

3. By conference call on May 9, 1984, the Hearing Officer herein ordered that "all parties will exchange full responses to discovery on or before May 21, 1984. In particular, expert witnesses as requested by all discovery will be identified . . . ."

. . . .

7. Petitioner did not identify any expert witnesses herein on or before May 21, 1984.

. . . .

9. On May 24, 1984, four days prior to the hearing date scheduled in this matter, Petitioner identified five expert witnesses to be called at the hearing.

. . . .

11. Petitioner's failure to identify its expert witnesses as ordered by the Hearing Officer on May 9, 1984 was without legal justification and to allow testimony from the expert witnesses identified would cause prejudice to the trial preparation of Respondent-Intervenor. Continuing the hearing of this matter would also unduly prejudice the rights of the Respondent-Intervenor in that Respondent-Intervenor may not begin operation, if at all, until Petitioner's appeal is resolved.

These facts support the hearing officer's order precluding petitioner's expert witnesses and show no abuse of discretion.

[2]  Petitioner next assigns error to the decision of the Section and Division of Facility Services approving Tar Heel's application, claiming that it was not supported by substantial evidence. The decision of an administrative agency must be supported by substantial evidence. G.S. 150A-51. The evidence is substantial if it is such that a reasonable person might accept it as adequate to support a conclusion. *Thompson v. Wake County Board of Education*, 292 N.C. 406, 233 S.E. 2d 538 (1977). The applicable scope of review is the "whole record" test. *Id.* In applying the whole record test, the court must consider all the evidence, including that which supports the findings and contradictory evidence. *North Carolina State Bar v. DuMont*, 304 N.C. 627, 286 S.E. 2d 89 (1982). Applying these standards to the present case, we find substantial evidence to support the decision.

Petitioner first contends that the finding by the Agency that Tar Heel's proposal is consistent with 10 NCAC 3R .2009 is not supported by substantial evidence. 10 NCAC 3R .2009 requires a proposal for new home health services to demonstrate that the project to be undertaken is financially feasible. The record reveals that no financial statement was submitted, however, Tar Heel stated in its application that a $10,000 checking account and a $30,000 cash equivalent fund were available to cover initial costs. In addition, Tar Heel provided information showing a breakeven point in seven months, a projected net income in the amount of $6,407.57 after its first year of operations, and a projection of revenues and expenses showing an increase in profitability. There is no contradictory evidence in the record. We find this evidence adequately supports the Agency's finding that Tar Heel's proposed project is financially feasible.

Next, petitioner contends that the finding that Tar Heel's proposal is consistent with 10 NCAC 3R .2004(a) and (c) is not supported by substantial evidence. 10 NCAC 3R .2004(a) states that a proposal for new home health services must be consistent with the applicable State Medical Facilities Plan. The applicable plan provided that a new proposal must show that the existing home health service provider cannot accommodate the projected need in the area. 10 NCAC 3R .2004(c) requires a proposal for new home health services to show an unmet need for home health services and a demand for such services.

The record reveals that petitioner provided testimony showing that Mount Olive was never unable to serve a patient and provided services to all patients within twenty-four hours of referral. The record also reveals, however, that, at the time Tar Heel submitted its application, Tar Heel's proposal offered to provide a wider range of services than provided by petitioner. In addition, petitioner basically provided services to patients receiving care under a post-hospitalization plan, while Tar Heel's proposal offered to provide services that would delay or prevent hospitalization. Finally, the record reveals a low-utilization rate of home health care services in the area provided for by petitioner. We find this evidence adequately supports the Agency's finding that there was an unmet need for home health care services and a demand for such services.

Petitioner argues that Tar Heel failed to show that Mount Olive would not be able to expand to meet the projected need provided by the applicable State Medical Facilities Plan. Respondents argue that the language of 10 NCAC 3R .2004(a) should not be interpreted in such a fashion to allow an existing provider to defeat a competitor's application by showing the ability to expand to meet the needs. We do not address this issue because we find no factual basis in the record to support petitioner's contention that it could expand to meet the projected need for home health care services.

Finally, petitioner contends that the finding that Tar Heel's proposal is consistent with 10 NCAC 3R .2005(a) is unsupported by the evidence. 10 NCAC 3R .2005(a) requires a proponent to propose to offer services in a manner consistent with conditions of participation under Medicare and Medicaid. This rule requires the applicant to provide adequate assurances that these licensing requirements will be met and that the applicant show that the proposed offering is not inconsistent with these rules. A review of the record reveals that Tar Heel provided assurances that it will comply with these requirements and that Tar Heel's proposed offering is not inconsistent with these requirements. There is no evidence showing that Tar Heel will be unable to comply with the conditions of participation. Therefore, we find substantial evidence to support the Agency's finding that Tar Heel's proposal is consistent with the conditions of participation under Medicare and Medicaid.

---

Petitioner last assigns error to the Section's acceptance of Tar Heel's application, claiming the Section violated its own regulation 10 NCAC 3R .0305(h). This regulation states that an application will not be included in a batch for review unless it is delivered to the Agency more than 15 days before the day of the review schedule. The record discloses that the regulation was complied with, hence we find no merit to this assignment.

Finding no error in petitioner's assignments of error, we do not address respondent's cross-assignment of error. Therefore, we conclude that there was no error in petitioner's contested case hearing and affirm.

Judges ARNOLD and WELLS concur.