THOMAS EARL LEWIS, PETITIONER-APPELLEE v. NORTH CAROLINA DEPART-
MENT OF HUMAN RESOURCES, RESPONDENT-APPELLANT

No. 888SC527

(Filed 7 February 1989)

**State § 12— employee grievance appeal filed one day late—dismissal proper**
    Dismissal of an employee grievance appeal by the State Personnel Com-
mission because it was filed one day late was not arbitrary and capricious
where the employee, at the same time he was given a termination letter by
DHR, was given a letter and a copy of the DHR grievance policy which ex-
plained in plain language the time limit for perfecting his appeal; the letter
even offered assistance in complying with appeal procedures; it was not
necessary for the employee to obtain legal assistance, and legal representation
was not allowed, at that stage of the grievance proceeding; eight days before
the deadline an attorney encouraged the employee to get back to him quickly
with regard to a decision about whether he wished to pursue the appeal; the
employee waited until the deadline date to return to his attorney's office; and
when he learned that his attorney was not there, he did not contact the
employer to seek an extension of time, nor did he fill out and submit a
grievance filing form.

    APPEAL by respondent from *Jack B. Crawley, Jr., Judge.* Or-
der entered 6 April 1988 in Superior Court, WAYNE County.
Heard in the Court of Appeals 11 January 1989.

    *Barnes, Braswell, Haithcock & Warren, P.A., by W. Timothy
Haithcock, for petitioner-appellee.*

    *Attorney General Lacy H. Thornburg, by Assistant Attorney
General John R. Corne, for the State.*

    BECTON, Judge.

    Respondent-appellant, the Department of Human Resources
("DHR"), appeals from a superior court order which reversed as
arbitrary and capricious the decision of the State Personnel Com-
mission ("the Commission") to dismiss an employee grievance ap-
peal. The grievance appeal was dismissed, initially by DHR and
subsequently by the Commission, because it was filed one day
late. We hold that the Commission decision was not arbitrary or
capricious, and reverse the superior court order.

I

Petitioner-appellee, Thomas Earl Lewis, worked for 16 years at the O'Berry Center, a DHR institution. Mr. Lewis was dismissed on 3 March 1987 for leaving a resident unattended, an act deemed to constitute "patient neglect." At that time, Mr. Lewis was given a termination letter and a copy of "DHR Directive Number 33," the DHR employee grievance policy. The record indicates that a form for filing a grievance appeal was attached to the grievance policy.

The termination letter provided in relevant part:

You have the right to appeal this action. *Written notification of appeal must be made within 15 calendar days* upon receipt of this letter. Should you wish to do so and need procedural assistance, you may contact [the following persons]. . . .

(Emphasis added.) The grievance policy likewise provided that notice of appeal had to be filed and received within 15 calendar days of the date of written notice of termination. Although it was not necessary to obtain legal assistance at the current (second) stage of the grievance proceeding, the grievance policy explained that an employee was free to do so. However, actual legal *representation* was permitted only at the third stage of the grievance proceeding.

One week after his termination, on 10 March, Mr. Lewis consulted with an attorney, but did not retain him. On 16 March, Mr. Lewis' father notified the attorney that he would pay the retainer fee. Mr. Lewis returned to the law firm on 18 March, the fifteenth day after the date of termination, but the attorney was out of town. The next day, on 19 March 1987, one day past the deadline, the attorney filed a notice of appeal on Mr. Lewis' behalf.

The director of O'Berry Center notified the attorney that since Mr. Lewis' appeal was one day late, it "was not timely filed," and Mr. Lewis' right of appeal was thereby forfeited. DHR's Division of Personnel Management Services upheld the appeal's dismissal, concluding that Mr. Lewis had been properly advised of his appeal rights but "simply failed to comply with the clear requirements for perfecting his appeal."

Mr. Lewis appealed to the State Personnel Commission. A Recommended Decision concluded as a matter of law that Mr. Lewis "failed to follow the grievance procedure established by his department as required by G.S. 126-34." The full Commission subsequently adopted the Recommended Decision. The Commission ordered that Mr. Lewis' appeal be "dismissed for failing to follow the grievance procedure established by his department."

Mr. Lewis appealed to superior court. The judge reversed and remanded the Commission decision, ruling that the "Commission's findings, conclusion and decision concerning the filing of the grievance are arbitrary and capricious." DHR appealed to this Court.

## II

The right to appeal to an administrative agency is granted by statute, and compliance with statutory provisions is necessary to sustain the appeal. *See, e.g., Smith v. Daniels Int'l,* 64 N.C. App. 381, 383, 307 S.E. 2d 434, 435 (1983) (notice of appeal filed two days after statutory deadline; appeal properly dismissed). Under N.C. Gen. Stat. Sec. 126-35, a State employee is permitted 15 days after receiving a statement of disciplinary action to appeal the action to the department head. Section 126-34 further provides that "[a]ny permanent State employee having a grievance arising out of . . . his employment . . . *shall . . . follow the grievance procedure established by his department or agency.*" N.C. Gen. Stat. Sec. 126-34 (1986) (emphasis added).

The DHR grievance policy, like the statute, required notice of appeal to be filed within 15 days. The grievance policy further provided:

> *A grievant who fails to comply with the . . . procedures set out in this directive . . . may be deemed to have abandoned his/her appeal.* The acts or omissions of any attorney retained by a grievant shall be deemed those of the grievant for purposes of determining compliance with procedures under this policy.

(Emphasis added.) Thus, DHR reserved the power to waive, in its discretion, the employee's noncompliance with procedural rules. The question presented here is whether, as the superior court concluded, the Commission permitted DHR to exercise that dis-

cretion arbitrarily and capriciously by deeming Mr. Lewis' appeal to be forfeited.

### III

The court charged with reviewing an agency decision, here, the superior court, may reverse or modify that decision if, among other things, the decision is "arbitrary or capricious." N.C. Gen. Stat. Sec. 150B-51(b)(6) (1987). However, the reviewing court does not have authority to override decisions within agency discretion when that discretion is exercised in good faith and in accordance with law. *Burton v. City of Reidsville*, 243 N.C. 405, 407, 90 S.E. 2d 700, 703 (1956) (quoted with approval in *Comm'r of Ins. v. Rate Bureau*, 300 N.C. 381, 403-04, 269 S.E. 2d 547, 563, *pet. for reh'g denied*, 301 N.C. 107, 273 S.E. 2d 300 (1980)).

The "arbitrary or capricious" standard is a difficult one to meet. Administrative agency decisions may be reversed as arbitrary or capricious if they are "patently in bad faith," *id.*, or "whimsical" in the sense that "they indicate a lack of fair and careful consideration" or "fail to indicate 'any course of reasoning and the exercise of judgment'. . . ." *Comm'r of Ins. v. Rate Bureau*, 300 N.C. at 420, 269 S.E. 2d at 573 (citations omitted). Other jurisdictions have found that imposing procedural requirements—even those "within the letter of the statut[e]"—may be arbitrary and capricious if that imposition "result[s] in manifest unfairness in the circumstances." *Id.* (citing Cooper, 2 *State Administrative Law* 761-69 (1965)).

Mr. Lewis argues that enforcing the procedural deadline to deny him the right to pursue his grievance on the merits resulted in "manifest unfairness in the circumstances." While we find the result unfortunate, we cannot say it is manifestly unfair.

Mr. Lewis was given a letter and a copy of the DHR grievance policy which explained in plain language the time limit for perfecting his appeal. The letter even offered assistance in complying with appeal procedures. Significantly, it was not necessary for Mr. Lewis to obtain legal assistance—and legal *representation* was not allowed—at that stage of the grievance proceeding. Moreover, the record indicates that on 10 March, eight days before the deadline, the attorney "encouraged [Mr. Lewis] to get back to [him] quickly with regard to a decision" about whether he

wished to pursue the appeal. Mr. Lewis waited until 18 March, the deadline date, to return to his attorney's office. When he learned that his attorney was not there, he did not contact O'Berry Center to seek an extension of time. Nor did he fill out and submit a grievance filing form. We cannot say that under these circumstances DHR's exercise of discretion was in "bad faith," "whimsical," or "manifestly unfair." We conclude that DHR's adherence to the deadline for perfecting the appeal was neither arbitrary nor capricious.

Accordingly, we hold that the superior court judge erred as a matter of law in reversing the Commission decision. The order below is

Reversed.

Judges WELLS and JOHNSON concur.