DIANE WIGGINS JARRETT, Petitioner v. N.C. DEPT. OF CULTURAL RESOURCES, Respondent

No. 9010SC362

(Filed 5 February 1991)

**State § 12 (NCI3d) — Personnel Commission — political discrimination — determination of credibility**

The trial court erred by reversing the State Personnel Commission in an action alleging political discrimination in the hiring of a State employee where the administrative law judge found that the testimony of the person who was hired (Ms. Legg) that she was registered Independent in Virginia and had never been a registered Republican was not credible; the Personnel Commission declined to accept the credibility decision of the administrative law judge and concluded that respondent had a nondiscriminatory business reason to justify its actions; and the trial court reinstated the decision of the administrative law judge. The Commission acted within its discretion in choosing to believe the witness; moreover, it was noted that there was no evidence to indicate that Ms. Legg was hired because of her political affiliation or that petitioner was not promoted because of her political affiliation. N.C.G.S. § 126-36 (1989).

**Am Jur 2d, Public Officers and Employees § 53.**

JARRETT v. N.C. DEPT. OF CULTURAL RESOURCES

[101 N.C. App. 475 (1991)]

APPEAL by respondent from order entered 6 February 1990 by *Judge E. Lynn Johnson* in WAKE County Superior Court. Heard in the Court of Appeals 16 November 1990.

On or about 17 June 1986, Frances Legg submitted an application for employment with the State of North Carolina to the office of Wilma Sherrill, Director of Personnel Appointments, Boards and Commissions for the Governor's Office. Her application was forwarded to Patty Gamin, personnel officer for the Department of Cultural Resources, for consideration for a position as a secretary with Cultural Resources. Because Ms. Legg's salary requirements were higher than the salary budgeted for the position and no other suitable positions were available, the application was not considered.

Petitioner Diane Jarrett, who had been employed by the Department of Cultural Resources for over nine years, applied for the same position as a secretary prior to 27 June 1986. She was interviewed by Larry Misenheimer, Administrator of the Historic Sites Section of the Department of Cultural Resources, on 23 June 1986. On 3 July, Mr. Misenheimer told petitioner he was recommending her for the position and submitted the necessary forms to the personnel office. By 8 July, the Director of the Division of Archives and History and the Secretary's office had approved petitioner's promotion, and the Cultural Resources' personnel office prepared the form PD-105 promoting petitioner which was then sent to the State Personnel Office and the State Budget Office.

On or after 1 July, the amount available for the salary for this position was increased, and on 9 July a representative from Ms. Sherrill's office called Ms. Gamin to find out if Ms. Legg had been interviewed since the salary for the position had been increased. On 10 July, Ms. Gamin sent Ms. Legg's application to Mr. Misenheimer who informed petitioner that Ms. Legg was to be interviewed. On 14 July, Ms. Legg was interviewed. Even though by 15 July petitioner's promotion had been approved by both State Personnel and State Budget, on 15 July Mr. Misenheimer decided to hire Ms. Legg.

On 13 August, petitioner filed a Hearing Request Information Form with the Office of State Personnel. Petitioner alleged that after she had been selected, the necessary personnel papers had been approved, and after the advertised deadline, Ms. Legg was interviewed and got the job over petitioner. Petitioner contends

that she did not get the job because she is a Democrat and because Legg was referred by the Governor's Office and was a Republican.

Following a hearing, the administrative law judge filed her recommended decision on 22 September 1987 stating as a finding of fact that "[t]he testimony of Ms. Legg that she is registered independent in Virginia and has never been a registered republican is not accepted as credible." Further, the administrative law judge stated:

> Misenheimer's testimony, that he hired Legg because of affirmative action considerations due to her age, and because of her animation with the idea of an unstructured environment and her exceptional qualifications, and that he possibly would have looked for another candidate, anyway, after recommending the Petitioner, is not accepted as credible.

The administrative law judge concluded that respondent "intentionally discriminated against the Petitioner on account of political affiliation in violation of the First and Fourteenth Amendments and G.S. 126-36." She recommended that the State Personnel Commission order respondent to promote petitioner to the position at issue with back pay plus reasonable attorney's fees.

The State Personnel Commission considered the recommended decision of the administrative law judge, and on 3 May 1988 the Commission issued its decision and order declining to accept the recommended decision. The Full Commission "decline[d] to accept the credibility decision" of the administrative law judge and concluded that although petitioner "has made out a prima facie case of political affiliation discrimintion [sic]," respondent had a non-discriminatory business reason to justify its actions and petitioner failed to prove she was discriminated against on the basis of political affiliation. The Commission ordered that petitioner's claim be dismissed.

On 8 June 1988, petitioner filed this action petitioning for judicial review of the final decision of the State Personnel Commission. On 6 February 1990, the trial court ordered that the final decision of the State Personnel Commission be reversed and reinstated the recommended decision of the administrative law judge stating that:

> 4. The Order of the Full State Personnel Commission entered on May 3, 1988, in the above-referenced matter, should be

reversed, and the Recommended Decision of the Administrative Law Judge, Angela R. Bryant, entered on September 22, 1987, should be reinstated in this matter.

5. The issues in this matter were resolved by the Administrative Law Judge in her proposed findings. The Administrative Law Judge was the fact finder on the issue of credibility, and the State Personnel Commission was not in the position to determine same.

6. The issues in respect to the credibility of the witnesses had not been determined by the Commission, and therefore alternate findings are arbitrary and capricious.

From this order, the State appeals.

*Robert S. Pierce for petitioner-appellee.*

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Charles J. Murray, for the State.*

ORR, Judge.

The North Carolina Administrative Procedure Act (APA), codified at Chapter 150B of the General Statutes, governs judicial review of administrative agency decisions. In the present case, the standard of review for an appellate court is governed by N.C. Gen. Stat. § 150B-51(b) (1987), the same scope of review utilized by superior courts. *See* 2 C. Koch, Administrative Law and Practice § 8.54, at 82 (1985) (no deference given to superior court); *Brooks v. McWhirter Grading Co.*, 303 N.C. 573, 581-82, 281 S.E.2d 24, 29-30 (1981) (Supreme Court applied N.C. Gen. Stat. § 150A-51 (now § 150B-51) in reviewing decision of the North Carolina Safety and Health Review Board); *Watson v. North Carolina Real Estate Comm'n*, 87 N.C. App. 637, 638-39, 362 S.E.2d 294, 296 (1987), *cert. denied*, 321 N.C. 746, 365 S.E.2d 296 (1988); *contra Henderson v. North Carolina Dep't of Human Resources*, 91 N.C. App. 527, 531, 372 S.E.2d 887, 890 (1988) (applying the same standard of review of other civil cases). Section 150B-51(b) provides in part that a court in reviewing the final decision of an agency may reverse the agency's decision

. . . if the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:

JARRETT v. N.C. DEPT. OF CULTURAL RESOURCES

[101 N.C. App. 475 (1991)]

(1) In violation of constitutional provisions;

(2) In excess of the statutory authority or jurisdiction of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or

(6) Arbitrary and capricious.

The sole issue raised by this appeal is whether the agency's decision regarding the credibility of the witnesses was "arbitrary and capricious." In determining whether an agency decision is arbitrary and capricious, "the reviewing court does not have authority to override decisions within agency discretion when that discretion is exercised in good faith and in accordance with law." *Lewis v. North Carolina Dep't of Human Resources*, 92 N.C. App. 737, 740, 375 S.E.2d 712, 714 (1989).

> The "arbitrary and capricious" standard is a difficult one to meet. Administrative agency decisions may be reversed as arbitrary or capricious if they are "patently in bad faith," or "whimsical" in the sense that "they indicate a lack of fair and careful consideration" or "fail to indicate 'any course of reasoning and the exercise of judgment'. . . ." [citations omitted]

*Id.*

"The 'whole record' test is also applied when the court considers whether an agency decision is arbitrary and capricious." *Brooks v. Rebarco, Inc.*, 91 N.C. App. 459, 463, 372 S.E.2d 342, 344 (1988); *High Rock Lake Ass'n v. North Carolina Envtl. Management Comm'n*, 51 N.C. App. 275, 276 S.E.2d 472 (1981).

> [T]he "whole record" rule requires the court, in determining the substantiality of evidence supporting the Board's decision, to take into account whatever in the record fairly detracts from the weight of the Board's evidence. Under the whole evidence rule, the court may not consider the evidence which in and of itself justifies the Board's result without taking into account contradictory evidence or evidence from which conflicting inferences could be drawn.

*Rebarco*, 91 N.C. App. at 463, 372 S.E.2d at 344 (quoting *Thompson v. Wake County Bd. of Educ.*, 292 N.C. 406, 410, 233 S.E.2d 538, 541 (1977)).

"While our review is limited to assignments of error to the superior court's order, this court is not required to accord any particular deference to the superior court's findings and conclusions concerning the Commission's actions." *Watson*, 87 N.C. App. at 640, 362 S.E.2d at 296.

The administrative law judge concluded that respondent intentionally discriminated against petitioner in violation of N.C. Gen. Stat. § 126-36 (1989), which provides that an employee of the State "who has reason to believe that employment, promotion, training, or transfer was denied him . . . because of his . . . political affiliation . . . shall have the right to appeal directly to the State Personnel Commission." In making its final decision, the State Personnel Commission declined to adopt the recommended decision of the administrative law judge. Regarding the final decision of an agency, the North Carolina Administrative Procedure Act in N.C. Gen. Stat. § 150B-36 (1987 & Supp. 1990) provides:

(b) A final decision or order in a contested case shall be made by the agency in writing after review of the official record as defined in G.S. 150B-37(a) and shall include findings of fact and conclusions of law. If the agency does not adopt the administrative law judge's recommended decision as its final decision, the agency shall state in its decision or order the specific reasons why it did not adopt the administrative law judge's recommended decision. The agency may consider only the official record prepared pursuant to G.S. 150B-37 in making a final decision or order, and the final decision or order shall be supported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31. . . .

Here the State Personnel Commission, which could consider only the official record in making its decision, was entitled to make its own findings of fact and conclusions of law. In declining to adopt the decision of the administrative law judge, the Commission stated specific reasons for not adopting the recommended decision and in addition stated its reasons for declining to adopt certain findings of fact such as those regarding credibility:

**JARRETT v. N.C. DEPT. OF CULTURAL RESOURCES**

[101 N.C. App. 475 (1991)]

The Commission specifically declines to adopt that portion of finding #35 dealing with the credibility of Ms. Legg's assertion of her political party affiliation (or lack thereof). In the absence of specific evidence to the contrary, the Commission finds this testimony credible. The Commission specifically declines to adopt finding #37 in that it does not agree with the ALJ's assessment of the credibility of Mr. Misenheimer's testimony. In both these findings, the Commission does not accept the ALJ's assessment of credibility, which does not appear to be based on the demeanor of either witness, but rather the ALJ's reactions to the content of the testimony. As such, the Commission feels it is appropriate to decline to accept the credibility decision of the ALJ.

Ms. Legg testified regarding her political affiliation as follows:

Q. What party are you registered with?

A. There isn't anyone in North Carolina that knows that. Do I have to answer that question?

Ms. Bryant: I don't know of any reason why—

Witness: I am not a registered voter in the State of North Carolina.

Q. I didn't ask you that. I asked you what party you were registered with?

A. I feel like that is a violation of my—I could say anything, couldn't I?

Q. I would remind you that you are under oath.

A. I am a registered independent in the State of Virginia.

Q. Have you ever been a registered Republican?

A. No.

Mr. Misenheimer testified that he hired Ms. Legg because of her exceptional qualifications and experience including her previous employment at the State Department in Washington, D.C., and her advancement to various positions there, a "slight advantage" as far as her education, past experience involving much responsibility, her animation, her age, her maturity, and her writing ability. The administrative law judge found that Ms. Legg's testimony regarding her political affiliation and Misenheimer's testimony re-

garding his reasons for hiring her were not credible. "The credibility of witnesses and the probative value of particular testimony are for the administrative body to determine, and it may accept or reject in whole or part the testimony of any witness." *State ex rel. Comm'r of Ins. v. North Carolina Rate Bureau*, 300 N.C. 381, 406, 269 S.E.2d 547, 565, *reh'g denied*, 301 N.C. 107, 273 S.E.2d 300 (1980). The Commission chose to believe Ms. Legg, and that is within its discretion.

We note that the evidence reflects only that Ms. Legg's application was referred to Cultural Resources by the Governor's Office and that Ms. Legg had a friend who worked in the Governor's Office and suggested she send in her application. There is no evidence whatsoever to indicate that Ms. Legg was hired because of her political affiliation or that petitioner was not promoted because of her political affiliation. Further, there is no evidence in the record to suggest that the actions were the result of any requirement or suggestion by the Governor's Office that Ms. Legg be hired. At the most, the evidence reflects that the Governor's Office in referring Ms. Legg was merely recommending that she be interviewed.

Therefore, we reverse the decision of the trial court and reinstate the decision of the Commission.

Reversed.

Judges PHILLIPS and GREENE concur.