JUDY TEAGUE, Petitioner-Appellee v. WESTERN CAROLINA UNIVERSITY, Respondent-Appellant

No. 9130SC951

(Filed 19 January 1993)

**State § 12 (NCI3d)— State employee—job application—statutory right to priority consideration—no denial**

The trial court erred in concluding that plaintiff was denied her statutory right to priority consideration as a State employee under N.C.G.S. § 126-7.1 when she was passed over for a position at defendant University where the evidence tended to show that plaintiff's resume was not up to date with regard to her education or work experience, while her competitor who was not a State employee did include this information on her resume; during the course of interviews plaintiff did not discuss her relevant experience and explain why she was the best candidate for the position, while the non-State employee candidate did; and the person with hiring authority, after considering both resumes and both candidates' interviews, could legitimately conclude that plaintiff's qualifications were not "substantially equal" to her competitor's.

**Am Jur 2d, Public Officers and Employees § 38.**

Judge COZORT concurring.

Appeal by respondent from order entered 5 July 1991 by Judge Beverly T. Beal in Jackson County Superior Court. Heard in the Court of Appeals 13 October 1992.

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Michelle Rippon, for petitioner-appellee.*

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Thomas J. Ziko, for respondent-appellant.*

LEWIS, Judge.

Petitioner-appellee, Judy Teague, claims she was denied her statutory right to priority consideration as a State employee under N.C.G.S. § 126-7.1 when she was passed over for a position at Western Carolina University's [hereinafter WCU] Center for Improving Mountain Living [hereinafter Center]. Ms. Teague had been

employed by WCU for seven years when she applied for the position of Social Research Assistant II at the Center in 1989. Rita Murchison, who was not a State employee at the time, also applied for the position. After reviewing the applications and interviewing the candidates, WCU chose Ms. Murchison to fill the position. Ms. Teague appealed to the Office of Administrative Hearings after exhausting her on-campus administrative remedies. Although the Administrative Law Judge recommended that the State Personnel Commission [hereinafter Commission] find Ms. Teague had been denied her statutory priority consideration, the Commission determined that she was not entitled to relief. The superior court reversed the Commission's decision on the basis that it was arbitrary and capricious, and ordered back pay, back benefits, reasonable attorney fees, and placement in a comparable position. WCU appeals to this Court, asserting that the superior court erred in finding that the Commission's decision was arbitrary and capricious.

Requirements for the position of Social Research Assistant II, as advertised, included a B.S. or B.A. degree in business, economics or accounting, one year full-time experience in a business field or economic development research, as well as interpersonal and communications skills. The position involved supervision of graduate students' research projects, individual research projects and economic development projects.

Ms. Teague held a B.S.B.A. degree from WCU in accounting and computer information systems and an M.B.A. degree from WCU. She had extensive research and marketing experience dating back to 1966, including seven years operating a small family business owned by her ex-husband. Ms. Murchison held a B.S.B.A. degree from WCU in computer information systems and had completed several courses towards her M.B.A. degree. She had had ten months experience as a graduate assistant to the head of the business school, and worked as a part-time instructor in a community college teaching computer literacy and small business management. She had worked on other relevant projects in her capacity as a graduate student, and had owned her own craft shop for four years.

Ms. Teague, as a State employee, was not required to file a new or updated application and did not do so. Her application, originally submitted for the position of Computer Applications Programmer II in 1987, did not contain all of her experience pertinent to this particular position and did not emphasize her relevant skills.

TEAGUE v. WESTERN CAROLINA UNIVERSITY

[108 N.C. App. 689 (1993)]

It contained no references to business research experience. Ms. Teague conceded that her application was seriously deficient in describing her qualifications for this position. Ms. Murchison's application, on the other hand, was up to date and tailored to the Social Research Assistant II position.

Thomas V. McClure, Associate Director of the Center for Improving Mountain Living, interviewed the candidates. Although he had been told that no one qualified for the State employee priority consideration, he was aware that State employees had that right. During her interview Ms. Teague informed Mr. McClure that she had an M.B.A. degree, which was not listed on her application. She failed, however, to mention any of her business research experience. Ms. Murchison, in contrast, had listed her research experience on her application and elaborated on it during her interview.

Ms. Murchison was hired for the position in July 1990. Ms. Teague immediately sought relief through the appropriate administrative channels, the Commission, and the courts.

Section 126-7.1 states that a current State employee applying for another position in State employment, and who has "substantially equal qualifications" as another applicant who is not a State employee, will receive priority consideration for the position. N.C.G.S. § 126-7.1(c) (1991). "Qualifications" is defined to include training or education, years of experience, and other relevant skills and abilities that "bear a reasonable functional relationship" to the vacant position. § 126-7.1(d).

Review of an administrative decision is governed by § 150B-51 of the Administrative Procedure Act, which states that a court may reverse or modify an agency decision that is, among other things, arbitrary and capricious. § 150B-51(b)(6) (1991). Under this statute, the standard of review for appellate courts is the same as that for superior courts. *Jarrett v. N.C. Dep't of Cultural Resources*, 101 N.C. App. 475, 478, 400 S.E.2d 66, 68 (1991). This Court has stated: "While our review is limited to assignments of error to the superior court's order, this Court is not required to accord any particular deference to the superior court's findings and conclusions concerning the Commission's actions." *Watson v. N.C. Real Estate Comm.*, 87 N.C. App. 637, 640, 362 S.E.2d 294, 296 (1987), *cert. denied and temporary stay denied*, 321 N.C. 746,

365 S.E.2d 296 (1988). This Court will certainly treat with respect and carefully consider any findings of a trial court though we are not bound by them.

An appellate court may not, however, disturb an agency's assessment of the credibility of the witnesses and the weight and sufficiency to be given to the testimony, *Commissioner of Ins. v. N.C. Rate Bureau*, 300 N.C. 381, 406, 269 S.E.2d 547, 565 (1980), and may not override decisions within the agency's discretion if made in good faith and in accordance with the law. *Jarrett* at 479, 400 S.E.2d at 68 (citation omitted).

The arbitrary and capricious standard is very difficult to meet. *Id.* (citation omitted). When reviewing a final administrative decision, courts must apply the "whole record" test to determine whether the decision was arbitrary and capricious. *Webb v. N.C. Dep't of Environment, Health, and Natural Resources*, 102 N.C. App. 767, 770, 404 S.E.2d 29, 32 (1991). A decision is arbitrary and capricious if it was "patently in bad faith," "whimsical," or if it lacked fair and careful consideration. *Lewis v. N.C. Dep't of Human Resources*, 92 N.C. App. 737, 740, 375 S.E.2d 712, 714 (1989) (citations omitted). In applying the whole record test the court must consider all of the evidence, both supportive and contradictory, *Mount Olive Home Health Care Agency, Inc. v. N.C. Dep't of Human Resources*, 78 N.C. App. 224, 228, 336 S.E.2d 625, 627 (1985), to determine whether the agency decision has a rational basis. *Bennett v. Hertford County Bd. of Educ.*, 69 N.C. App. 615, 618, 317 S.E.2d 912, 915 *cert. denied*, 312 N.C. 81, 321 S.E.2d 893 (1984).

The evidence presented in the case at hand does not lead this Court to the conclusion that the Commission's decision to uphold Mr. McClure's determination was "patently in bad faith" or "whimsical." *Lewis*, 92 N.C. App. at 740, 375 S.E.2d at 714. Mr. McClure had to make his decision based on the qualifications he found in the applications and elicited during the interviews. Ms. Teague's application did not state that she held an advanced degree, nor did it contain any references to her relevant and substantial experience. Even so, she had an opportunity to discuss such experience during her interview. Although Mr. McClure testified that he gave all the applicants ample opportunity to describe related experiences and explain why they were best qualified for the position, Ms. Teague failed to do so. Based upon the information he had before

him, Mr. McClure reasonably concluded that Ms. Teague's qualifications were not "substantially equal" to Ms. Murchison's.

After reviewing all of the evidence, both supportive and contradictory, this Court holds that the Commission's decision to uphold Mr. McClure's findings had a rational basis in the evidence and was not arbitrary and capricious. We reverse the decision of the superior court and reinstate the opinion of the Commission.

Reversed.

Judge JOHNSON concurs.

Judge COZORT concurs with a separate opinion.

Judge COZORT concurring.

I agree with the majority that, based on the information presented to Mr. McClure at the time he made the decision to hire Ms. Murchison, petitioner Teague did not possess substantially equal qualifications and was thus not entitled to priority consideration. The evidence available after that point in time demonstrates that Ms. Teague did possess substantially equal qualifications and should be entitled to priority. However, it is the duty of the applicant to make all qualifications known at the appropriate time, and petitioner Teague must bear the burden of failing to present all her qualifications to Mr. McClure. I write only to emphasize this point.