MICHAEL DARWIN WHITE v. NORTH CAROLINA DEPARTMENT OF ENVIRONMENT, HEALTH, AND NATURAL RESOURCES

No. 9310SC918

(Filed 3 January 1995)

**Public Officers and Employees § 67 (NCI4th)— State employee dismissal for personal use of phone credit card—decision not arbitrary and capricious**

The trial court erred in finding the State Personnel Commission's order that petitioner's dismissal had been for just cause was arbitrary and capricious, since respondent dismissed peti-

tioner for wilful and repeated misuse of State funds; the evidence showed that petitioner had charged a number of personal calls to the State Telephone Network credit card he had been issued; petitioner had notice that the card was not for personal use; and petitioner gave incomplete or evasive answers when questioned about the calls.

**Am Jur 2d, Civil Service § 63.**

Appeal by respondent from order entered 2 July 1993 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 10 May 1994.

Having concluded that he had misused his State Telephone Network credit card, respondent, the North Carolina Department of Environment, Health, and Natural Resources (DEHNR), dismissed petitioner from his employment as a Level 1 Dentist on 26 July 1990, for reasons of personal conduct. On 9 May 1991, petitioner filed a petition for a contested case hearing with the Office of Administrative Hearings to protest his dismissal. On 14 February 1992, Administrative Law Judge Fred G. Morrison, Jr. filed his recommended decision that DEHNR's action be reversed and petitioner be reinstated with back pay and attorney's fees.

On 1 September 1992, the Full State Personnel Commission (the Commission) issued its decision and order declining to accept the recommended decision, finding that petitioner's dismissal had been for just cause and affirming the action of DEHNR. On 25 September 1992, petitioner filed a petition for judicial review of the Commission's order in Wake County Superior Court. Following a hearing on 19 April 1993, the court entered an order on 28 June 1993, reversing the Commission's order. From this order, respondent DEHNR appeals.

*Thomas Hilliard, III for petitioner-appellee.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General Mabel Y. Bullock, for respondent-appellant.*

McCRODDEN, Judge.

Relying on six assignments of error, DEHNR offers four arguments, only one of which we need to review: whether the court erred in determining that the Commission's order was arbitrary and capricious. We believe that the trial court erred, and we reverse.

In reviewing a trial court's consideration of an agency's final decision, our task is to determine whether the trial court properly applied the standard of review mandated by N.C. Gen. Stat. § 150B-51 (1991). *Walker v. N.C. Dept. of Human Resources*, 100 N.C. App. 498, 502, 397 S.E.2d 350, 353 (1990), *disc. review denied*, 328 N.C. 98, 402 S.E.2d 430 (1991). That statute provides that a reviewing court may reverse or modify an agency's decision if:

> [T]he substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are [among other things]:
>
> . . . .
>
> (6) Arbitrary or capricious.

N.C.G.S. § 150B-51. The standard of review the trial court applies depends upon the issues presented. *Brooks, Com'r of Labor v. Rebarco, Inc.*, 91 N.C. App. 459, 463, 372 S.E.2d 342, 344 (1988). When an appellant raises the question of whether the agency's decision was arbitrary and capricious, the appropriate review is the whole record test, which means an examination of all the competent evidence, including that which contradicts the agency's conclusion. *Henderson v. N.C. Dept. of Human Resources*, 91 N.C. App. 527, 530, 372 S.E.2d 887, 889-90 (1988). In applying the whole record test, the court may not replace the agency's judgment as between two reasonably conflicting views of the evidence. *Thompson v. Board of Education*, 292 N.C. 406, 410, 233 S.E.2d 538, 541 (1977). Specifically, when a court is determining whether an agency's decision was arbitrary or capricious, it does not have the authority "to override decisions within agency discretion when that discretion is exercised in good faith and in accordance with law." *Lewis v. N.C. Dept. of Human Resources*, 92 N.C. App. 737, 740, 375 S.E.2d 712, 714 (1989).

The standard of review of administrative decisions is the same in this Court as it is in superior court. *Teague v. Western Carolina University*, 108 N.C. App. 689, 691, 424 S.E.2d 684, 686, *disc. review denied*, 333 N.C. 466, 427 S.E.2d 627 (1993). We do not defer to the superior court's decision. *Id.* at 691-92, 424 S.E.2d at 686.

The arbitrary and capricious standard is a difficult one to meet. *Id.* at 692, 424 S.E.2d at 686. Agency actions have been found to be arbitrary and capricious when such actions are " 'whimsical' because they indicate a lack of fair and careful consideration; when they fail to indicate 'any course of reasoning and the exercise of judgment.' "

*Comr. of Insurance v. Rate Bureau,* 300 N.C. 381, 420, 269 S.E.2d 547, 573, (quoting *Board of Education v. Phillips,* 264 Ala. 603, 89 So.2d 96 (1956)), *reh'g denied,* 301 N.C. 107, 273 S.E.2d 300 (1980).

We believe that the Commission's decision in this case did not lack fair and careful consideration. Respondent discharged petitioner for willful and repeated misuse of State funds. The evidence before the Commission showed that petitioner had charged a number of personal calls to the State Telephone Network credit card he had been issued. The card bore the inscription that "[a]ny use of this card other than official State business is a violation of N.C. General Statutes." The Fall, 1989 North Carolina State Capitol Telephone Directory issued to State employees contained the following statement in bold print: "Any use of the State Telephone Network for other than official State business is a violation of the tariffs filed with the North Carolina Utilities Commission. Misuse of the system may result in appropriate penalties, including dismissal." The evidence also showed that petitioner gave incomplete or evasive answers when questioned about the calls. All in all, there was substantial evidence before the Commission to support its conclusion that petitioner had willfully and repeatedly misused State funds.

It is the Commission's prerogative to determine the weight of the evidence and the credibility of the witnesses and to determine the facts therefrom. *Davis v. N.C. Dept of Human Resources,* 110 N.C. App. 730, 737, 432 S.E.2d 132, 136 (1993). There is nothing in the record to indicate that the Commission exercised its discretion other than in good faith and in accordance with the law. Hence, we find that the trial court erred in reversing the Commission.

We note petitioner's argument that the Commission's order was insufficiently specific and that N.C. Gen. Stat. § 126-35 (1993), which provides that permanent State employees may be discharged only for "just cause," is unconstitutionally vague. Petitioner, however, brought forward no cross-assignments of error as alternative grounds for the trial court's order. *See* N.C.R. App. P. 10. We decline to consider his arguments.

In conclusion, we find that the trial court erred in finding the Commission's order to be arbitrary and capricious. We reverse the trial court's order, and remand the case for entry of judgment in DEHNR's favor.

Reversed.

Chief Judge ARNOLD and Judge GREENE concur.

Opinion written and concurred in prior to 16 December 1994.