EVA DOCKERY, Petitioner v. N.C. DEPARTMENT OF HUMAN RESOURCES, DIVI-
SION OF YOUTH SERVICES, SAMARKAND MANOR TRAINING SCHOOL,
Respondent

No. COA94-1039

(Filed 21 November 1995)

**1. Public Officers and Employees § 64 (NCI4th)— discrimina-
tion against state employee applicant alleged—considera-
tion of qualifications presented during hearing proper**

Where petitioner claimed that she was not given a nursing
supervisor's position in a state agency based on respondent's dis-
crimination against her by failing to hire her as a "career state
employee," the Personnel Commission did not err in considering
evidence of petitioner's qualifications presented during the hear-
ing but not during the application process.

**Am Jur 2d, Public Officers and Employees §§ 147-151.**

**2. Public Officers and Employees § 52 (NCI4th)— state
employee applying for another state job—application of
state employee priority consideration proper**

Where petitioner was a state employee who applied for
another position of state employment, and there was substantial
evidence to support the Personnel Commission's findings, in-
cluding the finding that petitioner's qualifications were "substan-
tially equal" to the non-state employee applicant, the Personnel
Commission, as a matter of law, did not err in applying the state
employee priority consideration provision of N.C.G.S.
§ 126-7.1(c).

**Am Jur 2d, Public Officers and Employees §§ 44-63.**

Appeal by respondent from order entered 8 June 1994 by Judge
Orlando F. Hudson in Wake County Superior Court, affirming a final
Amended Decision and Order of the State Personnel Commission (the
Commission). Heard in the Court of Appeals 2 October 1995.

In 1990, petitioner was employed as a nurse by respondent North
Carolina Department of Human Resources (the Department),
Division of Youth Services (DYS), at the Samarkand Manor Training
School (the School), which provides rehabilitation services for stu-
dents who have been committed to the custody of DYS. In December
1990, she applied for the position of nurse supervisor at the School,

and the School interviewed petitioner and other applicants in July 1991. On 31 December 1991 the Department notified her that she was not chosen and that a better qualified candidate was offered the job.

On 8 January 1992, petitioner filed a petition for hearing with the Office of Administrative Hearings (OAH), claiming that the Department discriminated against her on the basis of race and political affiliation. In addition, she claimed that the Department discriminated against her by failing to hire her as a "career state employee" and by retaliating against her for having previously filed a grievance. After the hearing, the Administrative Law Judge (ALJ) issued a decision to the State Personnel Commission, recommending that petitioner be placed in the nurse supervisor position with full backpay.

The Commission issued a decision on 10 November 1993 and issued an amended decision on 9 December 1993. In its amended decision, the Commission adopted many of the ALJ's recommended findings of fact but declined to adopt any of the ALJ's conclusions of law, instead adopting its own. The Commission found that although petitioner failed to establish a prima facie case of either racial or political discrimination, petitioner's qualifications were "substantially equal to those of the applicant actually selected for the position," and therefore ordered that petitioner be placed in the position she sought, with backpay.

On appeal to the superior court, the Department excepted to thirty-one findings of fact on the grounds that they are not supported by substantial evidence in the record. The Department excepted to six findings of fact on the grounds that they are affected by error of law. In addition, the Department excepted to two conclusions of law claiming that they "(a) [are] not supported by the substantial evidence in the entire record; (b) [are] affected by error of law; (c) [were] made as a result of the Commission's acting in excess of its statutory authority; and (d) [are] arbitrary and capricious."

Finally, the Department excepted to the Commission's Amended Decision and Order as a whole, claiming that it "is in excess of the [Commission's] statutory authority, affected by errors of law, unsupported by substantial evidence in the record, and arbitrary and capricious."

On 8 June 1994, the Wake County Superior Court affirmed the Commission's Amended Decision and Order "[b]ased on papers filed and oral arguments presented by Petitioner and Respondent, and for

good cause shown . . . ." Respondent now appeals the decision of the superior court.

*Attorney General Michael F. Easley, by Assistant Attorney General Jane L. Oliver, for respondent appellant.*

*Gill & Dow, by Randolph C. Dow, for petitioner appellee.*

ARNOLD, Chief Judge.

While *Amanini v. N.C. Dept. of Human Resources*, 114 N.C. App. 668, 443 S.E.2d 114 (1994), might appear to state a new and different standard of review of administrative agency decisions at the appellate level, the standard of review is long-standing and has been correctly and lately followed in several recent cases, *e.g., Wilkie v. Wildlife Resources Commission*, 118 N.C. App. 475, 455 S.E.2d 871 (1995); *Brooks v. Ansco & Associates*, 114 N.C. App. 711, 443 S.E.2d 89 (1994); *Teague v. Western Carolina University*, 108 N.C. App. 689, 424 S.E.2d 684, *disc. review denied*, 333 N.C. 466, 427 S.E.2d 627 (1993).

In a most recent case, *In re Ramseur*, 120 N.C. App. ——, 463 S.E.2d —— (1995), moreover, it was properly pointed out that the precise scope of review by this Court is contained in N.C. Gen. Stat. § 150B-51 (1991):

(b) Standard of Review.—After making the determinations, if any, required by subsection (a), the court reviewing a final decision may affirm the decision of the agency or remand the case for further proceedings. It may also reverse or modify the agency's decision if the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional provisions;

(2) In excess of the statutory authority or jurisdiction of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or

(6) Arbitrary or capricious.

*Ramseur*, in summarizing the familiar standard of review, notes that the appropriate standard will depend on the precise nature of appellant's quarrel with the lower tribunal.

> If it is alleged that the agency's decision was based on an error of law, then *de novo* review is required. If, however, it is alleged that the agency's decision was not supported by the evidence or that the decision was arbitrary or capricious, then the reviewing court must apply the "whole record" test.

*Ramseur*, 120 N.C. App. at ——, 463 S.E.2d at ——.

First, we note that, pursuant to N.C. Gen. Stat. § 150B-51(b), we apply *de novo* review in reviewing the claims alleging errors of law, and the whole record test in reviewing the claims alleging that the Commission's decision was not supported by substantial evidence. *Id.*

In its first assignment of error, the Department argues generally that the Commission's decision was not supported by substantial evidence on the record. We disagree. "Substantial evidence is that which a reasonable mind would regard as adequately supporting a particular conclusion." *Walker v. N.C. Dept. of Human Resources*, 100 N.C. App. 498, 503, 397 S.E.2d 350, 354 (1990), *disc. review denied*, 328 N.C. 98, 402 S.E.2d 430 (1991). Moreover, "[if], after all the record has been reviewed, substantial evidence supports the agency's ruling, then the agency's ruling must stand." *In Re: Appeal by McCrary*, 112 N.C. App. 161, 168, 435 S.E.2d 359, 365 (1993). Upon review of the whole record, we find that although contradictory evidence may exist, there was substantial evidence to support the Commission's Amended Decision and Order.

[1] In its second assignment of error the Department argues that the Commission's decision was affected by errors of law. We apply *de novo* review to address this issue. *See Ramseur, supra.* The Department argues first that the Commission improperly considered evidence of petitioner's qualifications presented during the hearing but not during the application process. Respondent relies on *Teague*, 108 N.C. App. 689, 424 S.E.2d 684, to support its argument that it would be error for the Commission to consider evidence the Department was not aware of when making its decision.

Reliance on *Teague* for this contention is misplaced. In *Teague*, we considered whether the Commission was arbitrary and capricious in upholding the decision of an administrator who interviewed and declined to hire a state employee applying for another position with the state. In that case, unlike the case *sub judice*, the applicant was not required to file a new or updated application, and the administrator interviewing her did not have first-hand knowledge of the applicant's work or qualifications. We noted that her "application was seriously deficient in describing her qualifications," *id.* at 691, 424 S.E.2d at 685, and held that the Commission's decision had a rational basis in the evidence and was not arbitrary and capricious. *Id.* at 693, 424 S.E.2d at 687. It was not necessary, then, to address the propriety of the Commission's considering additional evidence.

Our conclusion in *Teague*, under the arbitrary and capricious standard, was not based on any pronouncement by this Court that it is an error of law for the Commission to consider additional evidence presented by the applicant after the application process is completed. Thus, as a matter of law, the Commission did not err in considering evidence of petitioner's qualifications not presented during the application process.

[2] The Department also argues that the Commission misapplied the state employee priority consideration provision under Section 126-7.1 of the State Personnel Act. N.C. Gen. Stat. § 126-7.1(c) (1993) states:

If a State employee subject to this section:

(1) Applies for another position of State employment; and

(2) Has substantially equal qualifications as an applicant who is not a State employee

then the State employee shall receive priority consideration over the applicant who is not a State employee.

Here, petitioner was a state employee who applied for another position of state employment, and there was substantial evidence to support the Commission's findings, including the finding that petitioner's qualifications were "substantially equal" to the non-state employee applicant. Thus, as a matter of law, the Commission did not err in applying the state employee priority consideration provision.

In its third assignment of error, the Department argues generally that the Commission's decision was arbitrary and capricious. We disagree.

HAYWOOD STREET REDEVELOPMENT CORP. v. PETERSON CO.

[120 N.C. App. 832 (1995)]

The "arbitrary or capricious" standard is a difficult one to meet. Administrative agency decisions may be reversed as arbitrary or capricious if they are "patently in bad faith," . . . or "whimsical" in the sense that "they indicate a lack of fair and careful consideration" or "fail to indicate 'any course of reasoning and the exercise of judgment'. . . ."

*Lewis v. N.C. Dept. of Human Resources*, 92 N.C. App. 737, 740, 375 S.E.2d 712, 714 (1989) (citing *Comm'r of Ins. v. Rate Bureau*, 300 N.C. 381, 420, 269 S.E.2d 547, 573 (citations omitted)). Upon review of the record we do not find that the Commission's decision was "patently in bad faith" or lacking in fair and careful consideration. Applying the whole record test, we find that the Commission's decision was not arbitrary and capricious.

We find it unnecessary to address the Department's fourth assignment of error.

Finally, we note that the petitioner appellee's brief was not double-spaced and violated Rule 26(g) of the North Carolina Rules of Appellate Procedure. We caution counsel that such conduct is not acceptable to this Court.

Affirmed.

Judges GREENE and SMITH concur.