**PROFESSIONAL FOOD SERVICES MGMT. v. N.C. DEPT. OF ADMIN.**

[109 N.C. App. 265 (1993)]

PROFESSIONAL FOOD SERVICES MANAGEMENT, INC. v. NORTH CAROLINA DEPARTMENT OF ADMINISTRATION, AND THE NORTH CAROLINA SCHOOL OF SCIENCE AND MATHEMATICS

No. 9210SC70

(Filed 2 March 1993)

**Public Works and Contracts § 27 (NCI4th) — bidding on public contracts — whether bid is nonresponsive**

The Secretary of Administration's final decision characterizing a bid for food services at the North Carolina School of Science and Mathematics as nonresponsive was reversed where the Request for Proposals (RFP) required separate prices for small, medium, and large sizes of tea and a lump sum price for tossed salad, and petitioner's bid was for tossed salad at $.10 per ounce and iced tea at $.50, "all you can drink." The RFP did not specify or provide any guidance as to the desired weight or size of these items, so that two bidders might list the same price but provide different sizes. Petitioner's bid was actually more responsive than the winning bid, which quoted the prices for tossed salad and for small, medium and large tea with no size or weight indicated. N.C.G.S. § 143-52.

**Am Jur 2d, Public Works and Contracts §§ 58, 59.**

**Differences in character or quality of materials, articles, or work as affecting acceptance of bid for public contracts. 27 ALR2d 917.**

Appeal by petitioner from order entered 22 November 1991 in Wake County Superior Court by Judge Knox V. Jenkins. Heard in the Court of Appeals 5 January 1993.

*Patton, Boggs & Blow, by Robert G. McIver, for petitioner-appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General D. David Steinbock, for respondent-appellee.*

PROFESSIONAL FOOD SERVICES MGMT. v. N.C. DEPT. OF ADMIN.

[109 N.C. App. 265 (1993)]

GREENE, Judge.

Petitioner appeals from an order of the trial court affirming a final agency decision of the Secretary of Administration rejecting petitioner's bid.

This case involves the award of the food services contract at the North Carolina School of Science and Mathematics (the School) in Durham, North Carolina. In March, 1990, a request for proposals (RFP) was issued by the School and the Division of Purchase and Contract of the Department of Administration (the Department) seeking bids for the new food services contract at the School. In addition to proposals for cafeteria items, the RFP sought prices from contractors for items to be sold in the snack bar, which is operated by the food services provider on a cash basis with a fifteen percent commission on gross sales accruing to the School. In relevant part, the RFP sought prices for the following snack bar items: tossed salad and iced tea.

Included in the bids submitted was one from petitioner Professional Food Services Management, Inc. (Professional), the incumbent food services provider at the School. Professional in its bid listed prices for tossed salad and iced tea in the manner in which it had been selling these items at the School's snack bar for several years: "tossed salad — $.10 per ounce"; "iced tea — $.50, all you can drink." Professional's bid for the basic twenty-one meal cafeteria plan and the alternates requested by the School was the lowest among the bidders ($3.62 per student), and the School's chief fiscal officer and business manager recommended to the Department that the new food services contract be awarded to Professional. However, the Department concluded that Professional's bid was not responsive to the RFP based on the price quotations given by Professional for tossed salad and iced tea. According to the Department, the RFP required that separate prices be furnished for small, medium, and large sizes of tea and that a lump sum price be given for a tossed salad. The Department refused to consider Professional's bid and directed that the contract be awarded to the lowest bidder among those considered, TWM Services, Inc. (TWM).

After the award to TWM, Professional met with Department officials to protest the Department's decision; however, Professional's attempt to persuade the Department to change its mind regarding the award was unsuccessful. On 31 July 1990, Professional, pursuant to N.C.G.S. § 150B-23, filed a petition for a contested case in the

Office of Administrative Hearings in Wake County. In response, the School and the Department filed a motion to dismiss the petition, which was denied. A notice of hearing issued and the contested case proceeded to trial on 17 October 1990 in the Office of Administrative Hearings. After receiving testimony from five witnesses and other documentary evidence, the presiding Administrative Law Judge (ALJ) ruled in favor of Professional, concluding that Professional's bid was responsive to the RFP. The ALJ issued a recommended decision that Professional be reinstated as the food services provider at the School.

The matter was thereafter referred to the Department for final agency action in accordance with N.C.G.S. § 150B-36. On 1 February 1991, a final agency decision was rendered by the Secretary of Administration which rejected the ALJ's recommended decision and affirmed the Department's award of the contract to TWM. The Secretary of Administration in his final agency decision found that the RFP "required specific price information to be provided for various sizes of ice tea sold at the snack bar," and that Professional had provided no information on medium and large servings. In addition, the Secretary found that Professional "provided insufficient and inadequate information in its bid for the price of a tossed salad." The Secretary concluded based on these findings that the bid submitted by Professional was nonresponsive, and upheld the award of the contract to TWM. On 11 March 1991, Professional sought review of the final agency decision pursuant to N.C.G.S. § 150B-43 in Wake County Superior Court by filing a petition for judicial review of the final agency decision. Professional argued that the final agency decision was not supported by substantial evidence, was affected by error of law, and was arbitrary and capricious. The court, after hearing, affirmed the final agency decision in an order signed 22 November 1991. Professional appeals.

---

The issue presented is whether the Secretary of Administration's decision that Professional's bid was nonresponsive to the RFP is supported by substantial evidence in view of the entire record as submitted.

The standard of review for an appellate court in reviewing an order of the superior court affirming or reversing a decision of an administrative agency is the same as that used by the superior court. *Jarrett v. North Carolina Dep't of Cultural Resources*, 101

N.C. App. 475, 478-79, 400 S.E.2d 66, 68 (1991). The appellate court may reverse or modify the final agency decision if the substantial rights of the petitioner have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional provisions;

(2) In excess of the statutory authority or jurisdiction of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or

(6) Arbitrary or capricious.

N.C.G.S. § 150B-51(b) (1991). Our review is further limited to those grounds for reversal or modification argued by the petitioner before the superior court, and properly assigned as error on appeal to this Court. *Watson v. North Carolina Real Estate Comm'n*, 87 N.C. App. 637, 639, 362 S.E.2d 294, 296 (1987). Professional argues that the final agency decision rejecting Professional's bid as being nonresponsive to the RFP is not supported by substantial evidence in view of the record as a whole. The substantial evidence required to justify a final agency decision is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State ex rel. Comm'r of Ins. v. North Carolina Fire Ins. Rating Bureau*, 292 N.C. 70, 80, 231 S.E.2d 882, 888 (1977). Professional also argues that the decision is affected by error of law and is arbitrary and capricious. Because we agree with the first basis asserted by Professional for reversal of the final agency decision, we do not address Professional's remaining arguments.

State contracts for the purchase of supplies "shall be based on competitive bids and acceptance made of the lowest and best bid(s) most advantageous to the State as determined upon consideration of [certain criteria]." N.C.G.S. § 143-52 (1990); *see also* 1 NCAC 5D .0300 to .0500 (July 1988) (delineating competitive bidding procedure for procurement by State of service contracts). It is the duty of the Secretary of Administration under the competitive bidding procedure to solicit bids from qualified sources of supply. N.C.G.S. § 143-52. In the context of public contract bid-

ding, a "responsive" bid is one which conforms substantially with the terms of the request for bids. 64 Am. Jur. 2d *Public Works and Contracts* § 58 (1972); *see also* N.C.G.S. § 143-52 ("substantial conformity with the specifications and other conditions set forth in [State's] request for bids" is among the criteria considered in determining acceptance of bid). Whether a bid conforms substantially with the request for bids or whether, instead, it contains a material variance depends on "whether the bidder's proposal gives him an advantage or benefit which is not enjoyed by other bidders." *Am. Jur. 2d* at § 59. However, where a contract can be let only to the lowest responsible bidder after advertising for bids, "the specifications must be so framed as to secure fair competition upon equal terms to all bidders." Annotation, *Bidder's Variation From Specifications On Bid For Public Work*, 65 A.L.R. 853 (1930).

In the instant case, paragraph 2.7 of the RFP, dealing with snack bar pricing, states that

> [o]fferors shall provide a price list for snack bar items listed on page 31. Menu prices and operating hours of the snack bar will be established and changed by mutual agreement of the contractor and the school.

The snack bar items pricing list appears in the RFP in relevant part as follows:

> The contractor agrees to provide the snack bar items listed below at the price indicated:
>
> Tossed salad        _____
>
> Tea   Small         _____
>
>        Medium        _____
>
>        Large         _____

Based on the manner in which the RFP requested prices for tossed salad and iced tea, and, for that matter, many of the snack bar items (e.g., "soup _____" "milk _____," and "french fries _____"), the Secretary of Administration's determination that Professional's bid was nonresponsive is not supported by substantial evidence. The RFP simply asked bidders to provide tossed salad and tea "at the prices indicated," without specifying or providing any guidance as to the desired weight of these items. Thus, while two bidders might each have listed the price of a tossed

salad as $1.50, one bidder might be planning to provide a ten-ounce salad for that price and the other a twenty-ounce salad. Viewed from such a perspective, it appears to us that Professional's tossed salad pricing was actually more responsive than that of TWM, which quoted the price for a tossed salad as $1.25 with no size or weight indicated. In fact, the Secretary of Administration at the hearing before the ALJ admitted, in the face of his conclusion that Professional's tossed salad price made its bid nonresponsive, that nothing in the RFP precluded a potential contractor from pricing salad by the ounce. A similar analysis applies to Professional's pricing of iced tea at $.50, all you can drink. TWM quoted iced tea at the following prices: "small — $.50, medium — $.60, large — $.70." However, it is impossible without speculation to determine what constitutes a "small," a "medium," or a "large." One bidder's "small" tea might contain eight ounces while another bidder's may contain ten ounces. Professional offered to provide iced tea in the snack bar at one price, regardless of the amount consumed by the student.

Thus, in our view all of the evidence establishes that Professional's bid on the snack bar items at issue substantially conformed to the RFP, as it was written. Accordingly, the Secretary of Administration's final decision characterizing Professional's bid as nonresponsive must be reversed because it has prejudiced the substantial rights of Professional in that it is unsupported by substantial evidence. This case is remanded with the mandate that Professional's bid be deemed responsive to the RFP and that it therefore be considered to determine whether it meets the requirement of being the lowest and best bid most advantageous to the State.

Reversed and remanded.

Judges JOHNSON and MARTIN concur.