HEATHER M. FAIN v. STATE RESIDENCE COMMITTEE OF THE UNIVERSITY OF
NORTH CAROLINA

No. 9310SC911

(Filed 3 January 1995)

**Colleges and Universities § 29 (NCI4th); Domicil and Residence § 7 (NCI4th)— residency status for tuition—residence of parents—no prima facie evidence of student's legal residence**

Even though a college student's parents live in Vermont, where the student had lived in North Carolina for five years preceding her enrollment in UNC-CH, the college could not rely on the presumption of N.C.G.S. § 6-143.1(e) that the residence of the student's parents was *prima facie* evidence of the student's own legal residence.

**Am Jur 2d, Colleges and Universities § 21; Domicil § 43.**

**Determination of residence or nonresidence for purpose of fixing tuition fees or the like in public school or college. 83 ALR2d 497.**

Appeal by respondent from order entered 8 July 1993 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 10 May 1994.

On 10 August 1992, petitioner Heather M. Fain sought judicial review of the decision by the State Residence Committee of the University of North Carolina at Chapel Hill (the Committee) classifying her as an out-of-state resident for tuition purposes. On 8 July 1993, the Wake County Superior Court reversed the Committee's decision. From this order, the Committee appeals.

*Attorney General Michael F. Easley, by Associate Attorney General Thomas O. Lawton III, for the State.*

*Bailey & Dixon, by J. Ruffin Bailey and Alan J. Miles, for the plaintiff.*

McCRODDEN, Judge.

Relying on three assignments of error, the Committee presents one argument for our consideration. The Committee contends that the superior court erred in reversing its decision because that deci-

sion was legally correct, was supported by substantial evidence, and was not arbitrary or capricious.

The facts of the case are these. In September 1991, petitioner applied for admission for the fall 1992 term of the University of North Carolina at Chapel Hill (the University) and for classification as a North Carolina resident for tuition purposes. Her application for in-state residence status showed that she was born in Charlotte on 27 January 1974 and had lived in Charlotte her entire life. Although the application listed 2000 Dilworth Road East, Charlotte, as her family's permanent residence, it also indicated that her father would begin working for a power company in Vermont by the end of September 1991. In a supplementary statement, received by the admissions office on 8 October 1991, petitioner indicated that her parents were moving to Vermont by the end of 1991, and that she would remain in Charlotte at 3832 Sedgewood Circle and finish high school.

On 4 December 1991, petitioner's father executed a medical consent form authorizing Mr. and Mrs. Benjamin Seagle, III to act in place of petitioner's parents in case of a medical emergency. The form indicated that petitioner's father had financial responsibility for petitioner and that petitioner was covered by a health plan that was based in Vermont and sponsored by the father's employer in Vermont. The form also listed a doctor in Vermont as petitioner's primary care physician.

In December 1991, petitioner submitted a second application, which listed 3832 Sedgewood Circle as her current mailing address and Shelburne, Vermont as her and her parents' permanent residence. The application stated that her parents had moved to their permanent residence in Vermont on 8 December 1991. According to this second application, petitioner's father would claim her as a dependent on 1992 tax returns for both North Carolina and Vermont. The application also indicated that petitioner had acquired a North Carolina driver's license in February 1990, drove a car registered in North Carolina, maintained 95% of her personal property in Charlotte, and worked at two summer jobs that provided her with 0.5% of her living expenses.

In January 1992, the Office of Undergraduate Admissions denied petitioner's application for resident status for tuition purposes. She appealed this decision to the Resident Status Committee and then to the State Residence Committee (Committee). Both upheld the deci-

sion classifying her as an out-of-state resident. Petitioner then appealed to the superior court, which reversed the agency decision.

---

This Court's review of a trial court's consideration of a final agency decision is to determine whether the trial court properly applied the review standard articulated in N.C. Gen. Stat. § 150B-51 (1991) of the Administrative Procedures Act. *Walker v. N.C. Dept. of Human Resources*, 100 N.C. App. 498, 502, 397 S.E.2d 350, 353 (1990), *disc. review denied*, 328 N.C. 98, 402 S.E.2d 430 (1991). The superior court may reverse or modify an agency decision if:

> [T]he substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:
>
> (1) In violation of constitutional provisions;
>
> (2) In excess of the statutory authority or jurisdiction of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Affected by other error of law;
>
> (5) Unsupported by substantial evidence . . .
>
> (6) Arbitrary or capricious.

N.C.G.S. § 150B-51(b).

The proper standard the trial court applies depends on the issues presented on appeal. *Walker*, 100 N.C. App. at 502, 397 S.E.2d at 354. A *de novo* review is required for allegations that error of law affected an agency decision. *Brooks, Com'r. of Labor v. Rebarco, Inc.*, 91 N.C. App. 459, 463, 372 S.E.2d 342, 344 (1988). The trial court reviews allegations that an agency decision is not supported by the evidence or is arbitrary or capricious under the whole record test. *Id.* That test requires the trial court to examine the entire record to determine whether there is substantial evidence in the record to support the agency's conclusions. *Walker*, 100 N.C. App. at 503, 397 S.E.2d at 354. Substantial evidence is evidence which a "reasonable mind would regard as adequately supporting a particular conclusion." *Id.*

The standard of review for administrative decisions is the same in the Court of Appeals as in superior court. *Teague v. Western Carolina University*, 108 N.C. App. 689, 691, 424 S.E.2d 684, 686, *disc. review denied*, 333 N.C. 466, 427 S.E.2d 627 (1993). We do not defer to the superior court's decision. *Id.* at 691-92, 424 S.E.2d at 686.

The Committee first claims that there was no error of law in its classification of petitioner as an out-of-state resident for tuition purposes. "To qualify as a resident for tuition purposes, a person must have established legal residence (domicile) in North Carolina and maintained that legal residence for at least twelve months immediately prior to his or her classification as a resident for tuition purposes." N.C. Gen. Stat. § 116-143.1(b) (Supp. 1993). In asserting that petitioner does not qualify as a resident, the Committee relies upon the common law presumption that a minor's domicile is the same as that of the minor's parents, *see Thayer v. Thayer*, 187 N.C. 573, 122 S.E.2d 307 (1924), and N.C.G.S. § 116.143.1.

For purposes of determining residence status for tuition purposes, the legislature has supplanted the common law presumption cited by the Committee by enactment of N.C.G.S. § 116-143.1. *See Biddix v. Henredon Furniture Industries*, 76 N.C. App. 30, 34, 331 S.E.2d 717, 720 (1985) ("[w]hen the General Assembly legislates with respect to the subject matter of a common law rule, the legislation supplants the common law"). Thus, we must confine our analysis of the question on appeal to N.C.G.S. § 116-143.1.

Sections 116-143.1(e), (j), and (k) establish criteria whereby an applicant whose parent or parents do not live in this state may obtain residency status. Only section 116-143.1(e) is relevant, providing:

When an individual presents evidence that the individual has living parent(s) or court-appointed guardian of the person, the legal residence of such parent(s) or guardian shall be prima facie evidence of the individual's legal residence, which may be reinforced or rebutted relative to the age and general circumstances of the individual by the other evidence of legal residence required of or presented by the individual; *provided, that the legal residence of an individual whose parents are domiciled outside this State shall not be prima facie evidence of the individual's legal residence if the individual has lived in this State the five consecutive years prior to enrolling or reregistering at the institution of higher education at which resident status for tuition purposes is sought.*

(Emphasis added).

The Committee argues that, according to N.C.G.S. § 116-143.1(e), the residence of petitioner's parents is *prima facie* evidence of petitioner's own legal residence. This subsection, however, contains an

WHITE v. N.C. DEPT. OF E.H.N.R.

[117 N.C. App. 545 (1995)]

exception for individuals whose parents are domiciled outside of the state but who, themselves, have lived in the state for five consecutive years prior to enrolling in an institution of higher education. Under this exception, the legal residence of the parents is not *prima facie* evidence of the individual's domicile, and the individual must then present evidence to "establish that his or her presence in the State . . . is . . . for purposes of maintaining a bona fide domicile rather than . . . a . . . temporary residence." N.C. Gen. Stat. 116-143.1(c). Here, although petitioner's parents are domiciled outside North Carolina, the legal residence of her parents is not *prima facie* evidence of her legal residence since she has lived in this state five consecutive years prior to enrolling at the University.

We conclude that error of law affected the Committee's reliance on the presumption that petitioner's domicile was that of her parents and on the *prima facie* case which N.C.G.S. § 116-143.1(e) allows.

Although the record contains evidence that bears on petitioner's legal residence, we believe that it is the duty of the Committee to determine petitioner's status based upon a correct understanding of the law. Consequently, we vacate the order of the Superior Court and remand the case to it with directions to remand to the Committee for a determination of petitioner's legal residence in light of the principles of this case.

Vacated and remanded.

Chief Judge Arnold and Judge Greene concur.

Opinion written and concurred in prior to 16 December 1994.