HERMAN HAYNES, Petitioner-Appellant v. NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES, Respondent-Appellee

No. COA95-74

(Filed 6 February 1996)

**Social Services and Public Welfare § 24 (NCI4th)— Medicaid benefits—applicant's assets—house not actually available**

The hearing officer erred in classifying petitioner's house as reserve property and considering its value in determining petitioner's eligibility for Medicaid benefits because petitioner established that the house was not actually available to him where petitioner presented evidence that the house was in very poor condition with no suitable kitchen floor, holes in the walls, and other problems; although the county listed the tax value of the property as $43,000, the market value of the property was $20,000 to $25,000, and there were two outstanding mortgages on the property totalling $32,000; and petitioner's nephew had tried in

vain to sell the house but the house could not be financed because of its poor condition. Therefore, petitioner was entitled to Medicaid benefits since he had no available assets in excess of $1,500.

**Am Jur 2d, Welfare Laws §§ 17, 19, 57.**

**Eligibility for welfare benefits, under maximum-assets limitations, as affected by expenditures or disposal of assets. 19 ALR4th 146.**

Appeal by petitioner from order entered 13 December 1994 by Judge Judson D. DeRamus, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 23 October 1995.

In late September 1993, Herman Edward Haynes (hereinafter petitioner) moved from the house he owned in Eden, North Carolina to an apartment building owned by the High Point Housing Authority. Poor health forced petitioner to move to a rest home in December 1993, and to a nursing home in February 1994. On 20 January 1994, petitioner applied for Medicaid benefits with the Guilford County Department of Social Services (hereinafter DSS). The county verified the tax value of petitioner's property to be $43,000, determined that the property had encumbrances of $32,000 in the form of two mortgages on petitioner's house, and determined petitioner's equity in the property was $11,000. On 4 March 1994, the county denied petitioner's application for Medicaid benefits because petitioner's $11,000 in equity exceeded the $1500 limit on assets for Medicaid recipients. Petitioner's property was later reevaluated at $37,100, but this still left petitioner with more than $1500 in equity.

Petitioner requested and was granted a local hearing, but the local hearing officer affirmed the county's decision on 16 March 1994. Petitioner appealed the county's decision, but a state hearing officer affirmed the decision on 23 June 1994 after conducting a hearing on 27 April 1994. Petitioner appealed the decision to the chief hearing officer, who upheld the hearing officer's 23 June 1994 decision. Petitioner then appealed to Guilford County Superior Court. The trial court affirmed the final agency decision on 13 December 1994.

On 16 June 1994, petitioner's house was sold at a foreclosure sale for $16,600. Respondent's brief states that the county approved petitioner's Medicaid application and he began receiving benefits on 1 July 1994. Petitioner appeals the denial of Medicaid benefits for the

time period prior to the foreclosure sale. Although petitioner died on 10 May 1995, we granted the motion of Mary Gann, petitioner's niece, to substitute herself as the appellant for purposes of this appeal.

*Central Carolina Legal Services, Inc., by Stanley B. Sprague and Richard Wells, for petitioner-appellant.*

*Attorney General Michael F. Easley, by Associate Attorney General Kathryn J. Thomas, for respondent-appellee.*

EAGLES, Judge.

We first note that the proper scope of appellate review of a trial court's consideration of a final agency decision is whether the trial court committed any error of law. *Amanini v. N.C. Dept. of Human Resources,* 114 N.C. App. 668, 675, 443 S.E.2d 114, 118-19 (1994). This is a two step process which requires us to determine "(1) . . . whether the trial court exercised the appropriate scope of review and, if appropriate, (2) . . . whether the court did so properly." *Id.* at 675, 443 S.E.2d at 118-19. Because petitioner's assignments of error raised questions of law, the proper scope of review for the trial court was *de novo. Id.* at 677, 443 S.E.2d at 119. The trial court determined that respondent committed no error of law. We must now determine whether the trial court was correct. Pursuant to Medicaid eligibility requirements, petitioner could not have resources in reserve (equity) in excess of $1500 to receive Medicaid benefits. The North Carolina Administrative Code defines equity as "the tax value of a resource less the amount of debts, liens, or other encumbrances." N.C. Admin. Code tit. 10, r. 50A.0201(33) (Nov. 1994). Petitioner argues that respondent violated the "availability" requirement of 42 U.S.C. § 1396(a)(17)(B) when it considered petitioner's house available although the house "could not be sold." 42 U.S.C. section 1396(a) provides in pertinent part that "[a] State plan for medical assistance must . . . (17)(B) provide for taking into account only such income and resources as are, as determined in accordance with standards prescribed by the Secretary, available to the applicant." N.C. Admin. Code tit. 10, r. 50B.0311(1) (Dec. 1994) provides:

The value of resources currently available to any budget unit member shall be considered in determining financial eligibility. A resource shall be considered available when it is actually available and when the budget unit member has a legal interest in the resource and he, or someone acting in his behalf, can take any necessary action to make it available.

Here, respondent argues that petitioner's house was "available" because petitioner had a legal interest in his house. Accordingly, respondent contends the house was properly considered a resource in determining petitioner's eligibility for Medicaid. However, the applicable North Carolina Administrative Code provision states that a resource shall be considered available when it is actually available *and* when the [petitioner] has a legal interest in the resource. *See Correll v. Division of Social Services*, 103 N.C. App. 562, 567, 406 S.E.2d 633, 636 (1991) (stating that "only resources *actually available* to an applicant are included in 'reserve' "), *rev'd on other grounds*, 332 N.C. 141, 418 S.E.2d 232 (1992) (emphasis added).

Without deciding whether petitioner had a legal interest in the house, we conclude that the evidence petitioner presented at the hearing established that the house was not *actually* available. Petitioner presented evidence at the 27 April 1994 hearing that a real estate broker had examined petitioner's property. The real estate broker stated that the house "was in very poor condition, with no suitable kitchen floor, holes in the walls, etc." The real estate broker determined that the market value of the property was $20,000 to $25,000 "as is," but that the house might have a market value of $31,000 if petitioner made $5,000 in repairs. Petitioner's nephew testified at the hearing that he had attempted in vain to sell the house. One potential buyer considered purchasing the house for rental property, but he told petitioner's nephew that he would not pay even $28,000 for petitioner's house because it needed such major repairs. Petitioner's nephew testified that another potential buyer wanted to purchase the house, but he could not obtain financing. Petitioner's nephew testified that the real estate broker explained to him that a house cannot be financed when it is in such poor shape. This evidence showed that it was not feasible for petitioner to liquidate the property because it would not even bring enough money for petitioner to pay off the two outstanding mortgages on the property. Despite this evidence, the local hearing officer ruled that the house was reserve property and the trial court affirmed. Because we conclude that petitioner's house was not actually available, we hold that the hearing officer erred in classifying the house as reserve property and considering its value in determining petitioner's eligibility for Medicaid and that the trial court erred in affirming the hearing officer's decision. Petitioner was entitled to medicaid benefits because he had no *available* assets in excess of $1500.

Having determined that petitioner was entitled to benefits, we need not address petitioner's remaining arguments.

Reversed and remanded.

Chief Judge ARNOLD and Judge MARTIN, John C., concur.