CALABRIA, Judge.
 

 *425
 
 Lenton C. Brown ("petitioner") appeals from a final decision and order entered in the Office of Administrative Hearings ("OAH") dismissing his contested case for lack of subject matter jurisdiction. We affirm.
 

 I. Background
 

 Petitioner was previously employed as a correctional officer at Maury Correctional Institution in Greene County, North Carolina. On 10 December 2013, petitioner filed a complaint in Wake County Superior Court against his employer, the North Carolina Department of Public Safety and its Division of Adult Correction and Juvenile Justice (collectively, "respondent"). Petitioner alleged that on 11 December 2012, respondent denied petitioner a promotion in retaliation for his reporting other officers' use of excessive force against an inmate, in violation of the Whistleblower Act.
 
 See
 

 N.C. Gen. Stat. § 126-84
 
 ,
 
 et seq.
 
 (2015).
 

 *426
 
 On 6 July 2015, petitioner voluntarily dismissed the Wake County Superior Court action. However, on 27 June 2016, petitioner filed a petition for a contested case hearing in the Pitt County OAH, alleging nearly identical claims to those he asserted in the Wake County Superior Court action. On 12 July 2016, respondent filed a motion to dismiss petitioner's action pursuant to the doctrine of sovereign immunity;
 
 N.C. Gen. Stat. § 126-34.02
 
 ; and Rules 12(b)(1)-(3) of the North Carolina Rules of Civil Procedure. Respondent argued that, as a career State employee, petitioner was required to file his Whistleblower claim in the OAH within 30 days following the denial of his promotion, and his failure to do so divested the OAH of subject matter jurisdiction.
 

 On 12 July 2016, the Administrative Law Judge ("ALJ") sent petitioner a "Request for Response to Motion." The ALJ ordered petitioner to file a written response to respondent's
 
 *324
 
 motion for dismissal "on or before" 22 July 2016, if he "desire[d] objections to be considered" prior to the ALJ's ruling. Petitioner did not respond or file any written objections to respondent's motion.
 

 On 2 September 2016, the OAH entered a "Final Decision Order of Dismissal." The OAH found,
 
 inter alia
 
 , that
 

 2. At all relevant times, Petitioner was a career state employee subject to Article 8 of
 
 N.C. Gen. Stat. § 126
 
 .
 

 3. On August 21, 2013, the Governor signed House Bill ("HB") 834 into law. HB 834 revised
 
 N.C. Gen. Stat. § 126
 
 , known as the State Personnel Act, by renaming it the "North Carolina Human Resources Act," and required that a state employee subject to Article 8 of Chapter 126 bring a claim related to violations of the Whistleblower Act in the Office of Administrative Hearings (OAH).
 

 4. Before passage of HB 834, a career state employee, like the Petitioner, could bring a claim for violations of the Whistleblower Act by either filing a contested case petition in OAH or in Superior Court. HB 834 became law on August 21, 2013.
 

 Because petitioner failed to file his Whistleblower claim in the OAH within 30 days following the denial of his promotion, as required by the North Carolina Human Resources Act, the OAH concluded that it lacked subject matter jurisdiction and dismissed petitioner's contested case with prejudice. Petitioner appeals.
 

 *427
 

 II. Analysis
 

 Our standard of review of a motion to dismiss for lack of jurisdiction under N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) is
 
 de novo
 
 .
 
 Country Club of Johnston Cty., Inc. v. U.S. Fid. & Guar. Co.
 
 ,
 
 150 N.C. App. 231
 
 , 238,
 
 563 S.E.2d 269
 
 , 274 (2002). Under
 
 de novo
 
 review, the Court "considers the matter anew and freely substitutes its own judgment for that of the trial court."
 
 Peninsula Prop. Owners Ass'n v. Crescent Res., LLC
 
 ,
 
 171 N.C. App. 89
 
 , 92,
 
 614 S.E.2d 351
 
 , 353 (brackets omitted),
 
 appeal dismissed and disc. review denied
 
 ,
 
 360 N.C. 177
 
 ,
 
 626 S.E.2d 648
 
 (2005).
 

 On appeal, petitioner contends that the OAH erroneously dismissed his contested case for lack of subject matter jurisdiction. We disagree.
 

 Following the issuance of a final agency decision, an aggrieved State employee may appeal by filing a contested case in the OAH.
 
 N.C. Gen. Stat. § 126-34.02
 
 (a). "The contested case must be filed within 30 days of receipt of the final agency decision."
 

 Id.
 

 The following issues may be heard as contested cases in the OAH: (1) discrimination or harassment; (2) retaliation for protesting discrimination; (3) just cause for dismissal, demotion, or suspension; (4) denial of veteran's preference; (5) failure to post a State position, or to give a career State employee priority consideration for promotion; and (6) whistleblower grievances.
 
 N.C. Gen. Stat. § 126-34.02
 
 (b)(1)-(6).
 

 The Whistleblower Act is codified in Chapter 126, Article 14 of our General Statutes.
 
 N.C. Gen. Stat. § 126-84
 
 ,
 
 et seq.
 
 The purpose of the Act is to encourage State employees to report improper governmental activities,
 
 N.C. Gen. Stat. § 126-84
 
 , and to protect them from retaliation for doing so,
 
 N.C. Gen. Stat. § 126-85
 
 . A State employee who is not subject to Article 8's provisions for "Employee Appeals of Grievances and Disciplinary Action" may assert a Whistleblower claim "in superior court for damages, an injunction, or other remedies ... against the person or agency who committed the violation within one year after the occurrence of the alleged violation ...."
 
 N.C. Gen. Stat. § 126-86
 
 . A career State employee, however,
 
 is
 
 subject to Article 8, and therefore, must pursue a Whistleblower grievance by filing a contested case in the OAH "within 30 days of receipt of the final agency decision."
 
 N.C. Gen. Stat. § 126-34.02
 
 (a) ;
 
 see also
 

 N.C. Gen. Stat. § 126-1.1
 
 (defining "career State employee" as "a State employee or an employee of a local entity who is covered by [Chapter 126] pursuant to [N.C. Gen. Stat. §] 126-5(a)(2) who: (1) [i]s in a permanent position with a permanent appointment, and (2) [h]as been continuously employed by the State of North Carolina
 
 *428
 
 or a local entity ... in a position subject to the North Carolina Human
 
 *325
 
 Resources Act for the immediate 12 preceding months").
 

 Petitioner correctly notes that on 11 December 2012, the date on which the alleged retaliation occurred, "two statutes provide[d] avenues to redress violations of the Whistleblower statute."
 
 Newberne v. N.C. Dep't of Crime Control & Pub. Safety
 
 ,
 
 359 N.C. 782
 
 , 797,
 
 618 S.E.2d 201
 
 , 211 (2005). At that time, an aggrieved State employee could either pursue a Whistleblower Act claim in superior court, or file a petition for a contested case hearing in the OAH pursuant to the State Personnel Act, "but not both."
 
 Id.
 
 at 797,
 
 618 S.E.2d at 211-12
 
 . However, as of 21 August 2013, a career State employee
 
 must
 
 assert a Whistleblower grievance by filing a contested case in the OAH pursuant to
 
 N.C. Gen. Stat. § 126-34.02
 
 (a). The provisions that previously allowed career State employees choice of venue no longer apply following the enactment of the North Carolina Human Resources Act.
 
 See
 

 N.C. Gen. Stat. § 126-34.1
 
 ("Repealed by Session Laws 2013-382, s. 6.1, effective August 21, 2013, and applicable to grievances filed on or after that date.");
 
 see also
 

 2013 N.C. Sess. Laws 382
 
 , s. 7.10 (amending
 
 N.C. Gen. Stat. § 126-86
 
 , effective 21 August 2013, to apply to any State employee alleging Whistleblower violations "who is not subject to Article 8 of this Chapter").
 

 Petitioner acknowledges that he was, at all relevant times, a career State employee, and that he filed his Whistleblower claim on 10 December 2013, after the passage of the North Carolina Human Resources Act. Nevertheless, petitioner asserts that the law's changes do not apply to him, because his claim accrued prior to the statute's effective date. We disagree. The law took effect 21 August 2013 and "applies to grievances
 
 filed on or after that date
 
 ."
 
 2013 N.C. Sess. Laws 382
 
 , s. 6.5. (emphasis added). The claim's accrual date is irrelevant.
 

 "The right to appeal to an administrative agency is granted by statute, and compliance with statutory provisions is necessary to sustain the appeal."
 
 Lewis v. N.C. Dep't of Hum. Res.
 
 ,
 
 92 N.C. App. 737
 
 , 739,
 
 375 S.E.2d 712
 
 , 714 (1989) ;
 
 see also
 

 N.C. Gen. Stat. § 126-34.02
 
 (c) (providing that "[a]ny issue for which an appeal to the [OAH] has not been specifically authorized by this section shall not be grounds for a contested case hearing"). Here, petitioner's failure to comply with
 
 N.C. Gen. Stat. § 126-34.02
 
 divested the OAH of subject matter jurisdiction. Accordingly, we affirm the OAH's dismissal of petitioner's contested case.
 

 AFFIRMED.
 

 Judges BRYANT and STROUD concur.