TYSON, Judge.
 

 *700
 
 Eric Erickson ("Petitioner") appeals a final decision from the Office of Administrative Hearings ("OAH"), which dismissed his contested case petition for the lack of subject-matter jurisdiction. We reverse and remand.
 

 *701
 
 I.
 
 Background
 

 Petitioner worked for the North Carolina Department of Public Safety ("DPS") as a probation and parole officer in Charlotte. On 8 January 2018, Petitioner was dismissed for cause from DPS. Petitioner initiated a challenge to his dismissal through DPS' internal grievance process on 23 January 2018.
 

 "Step 1" of the grievance process consists of a mediation conference. Mediation between Petitioner and DPS personnel was conducted on 21 February 2018. The mediation conference ended in an impasse. Petitioner was provided with a copy of DPS Form HR 556, which provides notice of an employee's appeal to "Step 2" of DPS' grievance process, if an impasse occurs at "Step 1." The heading of the Form HR 556 provided to Petitioner states, in relevant part: "To appeal to Step 2 of the grievance process, this form must be
 
 filed
 
 within
 
 five (5) calendar days
 
 following an impasse in mediation. If this form is not
 
 received
 
 within this timeframe, it will not be accepted." (First and third emphasis supplied). Above the signature line for employees, Form HR 556 states:
 

 I understand that it is my responsibility
 
 to mail
 
 , email, or hand deliver my Step 2 Appeal to the Grievance Intake Coordinator to
 
 initiate
 
 the appeal process within five (5) calendar days of the mediation impasse.
 

 I understand that my signature acknowledges that I have been advised of Step 2 appeal rights and timeframes. (Emphasis supplied).
 

 The Employee Grievance Policy section of the State Human Resources Manual, included within the record on appeal, states, in relevant part: "At the end of the mediation session,
 
 the agency shall inform the grievant of the Step 2 grievance process and that the filing must be received by the agency within 5 calendar days of the date
 

 of mediation
 
 ." (Emphasis supplied). State Human Resources Manual, Employee Grievance Policy, § 7, at 38.
 

 Petitioner's evidence tends to show he signed and dated DPS Form HR 556 on Wednesday, 21 February 2018, but did not file, submit, or mail it on that date. Petitioner purportedly mailed the form on Friday, 23 February 2018. DPS received the form on Tuesday, 27 February 2018, allegedly one day too late to effectuate Step 2. In a letter dated 27 February 2018, DPS advised Petitioner that his Form HR 556 was "untimely received" and that he had "no further appeal rights through the Formal Internal Grievance Process." In response to correspondence
 
 *702
 
 from Petitioner's counsel, DPS sent two subsequent letters re-stating that his Step 2 request was untimely and that he had no further appeal rights through DPS' internal grievance process.
 

 On 23 March 2018, Petitioner filed a petition for a contested case hearing with OAH. DPS filed a motion to dismiss based upon
 
 N.C. Gen. Stat. § 126-34.02
 
 ; the doctrine of sovereign immunity; and Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3). DPS attached to its motion to dismiss the affidavit of Tracy Perry, the DPS Grievance Intake Coordinator. Included as an exhibit to the affidavit was, among other things, a photocopy of the front of the envelope inside which Petitioner had mailed the completed, dated, and signed Form HR 556.
 

 On 8 May 2018, an administrative law judge (the "ALJ") issued a final decision granting DPS' motion to dismiss Petitioner's contested case petition based upon a lack of subject matter jurisdiction. The ALJ's final decision concluded Petitioner had failed to exhaust administrative remedies. Petitioner filed notice of appeal to this Court.
 

 *824
 
 II.
 
 Jurisdiction
 

 Jurisdiction lies in this Court from a final decision of OAH pursuant to N.C. Gen. Stat. §§ 7A-29(a) and 126-34.02(a) (2017).
 

 III.
 
 Notice of Appeal
 

 Petitioner's notice of appeal contained in the record on appeal has neither been file-stamped nor time-stamped to indicate when Petitioner filed it with OAH. DPS has not raised an argument regarding this deficiency in the notice of appeal nor filed a motion to dismiss. Rule of Appellate Procedure 18 governs appeals from OAH and does not specifically state whether the notice of appeal has to be filed with OAH, as Rule 3 requires with notices of appeal in civil cases from superior or district court.
 
 See
 
 N.C. R. App. P. 18.
 

 However, Rule 18(b)(1) provides: "The times and methods for taking appeals from an administrative tribunal shall be as provided in this Rule 18 unless the General Statutes provide otherwise[.]" N.C. R. App. Proc. 18(b). Rule 18(c)(9) requires that the record on appeal contain: "a copy of the notice of appeal from the administrative tribunal[,]" and Rule 18(e) provides: "Further procedures for perfecting and prosecuting the appeal shall be as provided by these rules for appeals from the courts of the trial divisions." N.C. R. App. P. 18(c) and (e)
 

 N.C. Gen. Stat. § 126-34.02
 
 (a) specifically provides that a notice of appeal from a contested case "shall be filed with [OAH] and served on all parties to the contested case hearing."
 
 N.C. Gen. Stat. § 126-34.02
 
 (a).
 

 *703
 
 In appeals from the trial court division and other administrative tribunals, this Court has held the appellant's failure to include a file-stamped copy of the notice of appeal in the record on appeal is a jurisdictional defect, because this Court cannot determine if the notice of appeal was timely filed.
 
 See, e.g.,
 

 Bradley v. Cumberland Cty
 
 ., --- N.C. App. ----,
 
 822 S.E.2d 416
 
 , 420 (2018) (dismissing appeal from Industrial Commission where notice of appeal did not have "a time stamp, file stamp, or any other designation" showing the Commission had received notice of appeal); "
 
 Brooks, Comm'r of Labor v. Gooden
 
 ,
 
 69 N.C. App. 701
 
 , 707,
 
 318 S.E.2d 348
 
 , 352 (1984) ("Without proper notice of appeal, this Court acquires no jurisdiction." (citations omitted) ).
 

 No prior case deals with the absence of a file stamped notice of appeal from OAH under Rule 18. However, because lack of a file-stamped notice of appeal is a jurisdictional defect in civil appeals under Rule 3 and the statute requires that notices of appeal be filed with OAH within "30 days of receipt of the written notice of final decision[,]" we discern no reason why notices of appeal from OAH should not be required to bear a filed and stamped verification confirming the date and time the notice of appeal was filed with OAH.
 
 N.C. Gen. Stat. § 126-34.02
 
 (a).
 

 In response to an inquiry regarding OAH's policy and procedures on notices of appeal, OAH indicated that when a party emails OAH a notice of appeal, the party does not receive any confirmation, file-stamp, or notation from OAH. OAH considers the sent date and time on the email to be the file-stamp for purposes of noting when the notice of appeal is filed.
 

 When a party files a notice of appeal through OAH's electronic filing portal, an electronic date and time stamp will be affixed to the filing. OAH provided this Court a copy of Petitioner's notice of appeal, which included the email through which Petitioner had sent the notice of appeal as an attachment.
 

 Petitioner failed to include a copy of this accompanying email in the record. "It is well established that the appellant bears the burden of showing to this Court that the appeal is proper."
 
 Johnson v. Lucas
 
 ,
 
 168 N.C. App. 515
 
 , 518,
 
 608 S.E.2d 336
 
 , 338,
 
 aff'd per curiam
 
 ,
 
 360 N.C. 53
 
 ,
 
 619 S.E.2d 502
 
 (2005). At oral argument before this Court, Petitioner made a motion to treat his notice and record on appeal as a petition for a writ of
 
 certiorari
 
 .
 

 Due to Petitioner's lack of knowledge regarding OAH's policy of not adding a file-stamp to emailed notices of appeal, and DPS' failure to file a motion to dismiss or to argue the notice of appeal was not timely filed,
 
 *704
 
 we find Petitioner would suffer manifest injustice were we to dismiss Petitioner's appeal.
 
 *825
 
 "Rule 2 of the North Carolina Rules of Appellate Procedure permits this Court to suspend or vary the requirements of the Rules to prevent manifest injustice to a party, or to expedite decision in the public interest."
 
 Brown v. City of Winston-Salem
 
 ,
 
 171 N.C. App. 266
 
 , 269,
 
 614 S.E.2d 599
 
 , 601 (2005) (quotation marks and brackets omitted). To prevent manifest injustice, we invoke Rule 2 to treat Petitioner's appeal as a petition for a writ of
 
 certiorari
 
 and review Petitioner's arguments on the merits.
 
 See
 

 Sarno v. Sarno
 
 , --- N.C. App. ----, ----,
 
 804 S.E.2d 819
 
 , 823 (2017) (treating appeal as petition for writ of
 
 certiorari
 
 despite defect in notice of appeal);
 
 Luther v. Seawell
 
 ,
 
 191 N.C. App. 139
 
 , 142,
 
 662 S.E.2d 1
 
 , 3 (2008) ("This Court does have the authority pursuant to North Carolina Rule of Appellate Procedure 21(a)(1) to treat the purported appeal as a petition for writ of certiorari and grant it in our discretion." (citations and quotation marks omitted) ).
 

 IV.
 
 Standard of Review
 

 " 'Our standard of review of a motion to dismiss for lack of [subject matter] jurisdiction ... is
 
 de novo
 
 .' "
 
 Hunt v. N.C. Dep't of Pub. Safety
 
 , --- N.C. App. ----, ----,
 
 817 S.E.2d 257
 
 , 260 (2018) (quoting
 
 Brown v. N.C. Dep't of Pub. Safety
 
 , --- N.C. App. ----, ----,
 
 808 S.E.2d 322
 
 , 324 (2017) ). "Under a
 
 de novo
 
 review, the court considers the matter anew and freely substitutes its own judgment for that of the [ALJ]."
 
 In re
 

 Appeal of the Greens of Pine Glen Ltd. P'ship
 
 ,
 
 356 N.C. 642
 
 , 647,
 
 576 S.E.2d 316
 
 , 319 (2003) (citation omitted).
 

 V.
 
 Analysis
 

 Petitioner argues OAH erroneously dismissed his contested case for lack of subject matter jurisdiction due to his failure to exhaust available administrative remedies. We agree.
 

 Under the North Carolina Human Resources Act:
 

 Any State employee having a grievance arising out of or due to the employee's employment shall first discuss the problem ... with the employee's supervisor ....
 
 Then the employee shall follow the grievance procedure approved by the State Human Resources Commission.
 
 The proposed agency final decision shall not be issued nor become final until reviewed and approved by the Office of State Human Resources. The agency grievance procedure
 
 *705
 
 ... and review shall be completed within 90 days from the date the grievance is filed.
 

 N.C. Gen. Stat. § 126-34.01
 
 (2017) (emphasis supplied).
 

 With regards to the "grievance procedure approved by the State Human Resources Commission,"
 

 id.,
 

 the "Employee Grievance Policy," included within the State Human Resources Manual, states "Each agency shall adopt the Employee Grievance Policy as approved by the State Human Resources Commission." State Human Resources Manual, Employee Grievance Policy, § 7, at 26.
 

 Specifically, with regards to grievance appeal rights, the Employee Grievance Policy provides: "At the end of the [Step 1] mediation session, the agency
 
 shall inform
 
 the grievant of the Step 2 grievance process
 
 and
 
 that the filing must be received by the agency within 5 calendar days of the date of mediation."
 

 Id.
 

 at 34
 
 . (emphasis supplied).
 

 The Employee Grievance Policy clearly places the burden upon agencies, including DPS, to inform employees of the Step 2 grievance process
 
 and
 
 the timeframe for when Step 2 filings must be received.
 

 At the conclusion of the Step 1 mediation conference, DPS provided Petitioner their standard Form HR 556 to appeal to Step 2 of the grievance process. DPS Form HR 556 contains contradictory and ambiguous language regarding the timeframe an employee has to submit the form. A black-bordered box at the top of the form states: "To appeal to Step 2 of the grievance process, this form
 
 must be filed
 
 within five (5) calendar days following an impasse in mediation. If this form is not
 
 received
 
 within this timeframe, it will not be accepted." (Emphasis supplied).
 

 In the signature section of Form HR 556, the form reads: "I understand that it is my responsibility to
 
 mail
 
 , email, or hand deliver my Step 2 Appeal to the Grievance
 
 *826
 
 Intake Coordinator to
 
 initiate
 
 the appeal process
 
 within five (5) calendar days
 
 of the meditation impasse." The discrepancies and inconsistencies between "filed," "received," "mail," and "initiate" within Form HR 556 are insufficient to inform an employee of whether the form has to be
 
 mailed
 
 ,
 
 filed
 
 , or
 
 received
 
 within five days of a mediation impasse. DPS Form HR 556 fails to satisfy DPS' burden to inform Petitioner "of the Step 2 grievance process and that the filing must be received by the agency within 5 calendar days of the date of mediation[,]" as required by the State Human Resources Commission's Employee Grievance Policy.
 

 In other contexts, this Court has construed ambiguous language against the drafting party, and in favor of the non-drafting party.
 
 See
 
 ,
 
 e.g.,
 

 *706
 

 Novacare Orthotics & Prosthetics E., Inc. v. Speelman,
 

 137 N.C. App. 471
 
 , 476,
 
 528 S.E.2d 918
 
 , 921 (2000) ("[W]hen an ambiguity is present in a written instrument, the court is to construe the ambiguity against the drafter-the party responsible for choosing the questionable language." (citation omitted) ). Defendant had no role in drafting Form HR 556, and the Employee Grievance Policy places an affirmative duty on state agencies to inform employees of their Step 2 appeal rights and the applicable timeframes. We construe the ambiguities and discrepancies contained within Form HR 556 against DPS and in favor of Petitioner.
 

 Viewed in the light most favorable to him, Petitioner complied with DPS' instructions to "mail" or "file" Form HR 556 within "five calendar days" of the impasse of Step 1 mediation. Petitioner stated in his affidavit, submitted to OAH, that he had mailed Form HR 556 "to the designated address in Raleigh on February 23, 2018." This act occurred within five calendar days of the mediation impasse on 21 February.
 

 DPS contends they received Petitioner's Form HR 556 a day late, on 27 February. At oral argument before this Court, DPS' counsel conceded Petitioner would have had to have mailed Form HR 556 before 27 February for DPS to have received it by that date. DPS Grievance Intake Coordinator Perry noted on the envelope in which Petitioner had mailed his Form HR 556, that the envelope has "No postal markings." While the envelope does not bear a cancellation or post mark, it does bear an electronically printed barcode and nine-digit ZIP code. The envelope also shows Petitioner correctly labeled the mailing address of the Grievance Intake Coordinator, as was listed on Form HR 556, and affixed proper postage.
 

 Petitioner substantially complied with the instructions on Form HR 556, and initiated Step 2 of DPS' grievance procedure by mailing Form HR 556 within five calendar days of the impasse at Step 1 mediation. Petitioner was entitled to proceed to Step 2 of DPS' grievance procedure. We reverse OAH's order granting DPS' motion to dismiss for lack of subject matter jurisdiction for failure to exhaust administrative remedies.
 

 By refusing Petitioner's timely mailed Form HR 556, DPS prevented Petitioner from obtaining a "final agency decision" "reviewed and approved by the Office of State Human Resources" to vest OAH with jurisdiction to hear Petitioner's contested case.
 
 N.C. Gen. Stat. §§ 126-34.01
 
 , 126-34.02. We reverse and remand the matter to OAH, with instructions to order DPS to permit Petitioner to proceed to Step 2 of DPS' internal grievance process. We express no opinion on the relative merits of the parties' claims or assertions regarding Petitioner's dismissal.
 

 *707
 
 VI.
 
 Conclusion
 

 Petitioner timely mailed a completed and signed Form HR 556 to "initiate" Step 2 of DPS' internal grievance procedure. The ALJ erred in concluding Petitioner had failed to exhaust his administrative remedies and in granting DPS' motion to dismiss. We reverse the ALJ's order and remand with instructions for OAH to order DPS to allow Petitioner to proceed to Step 2 of DPS' internal grievance process.
 
 It is so ordered.
 

 REVERSED AND REMANDED.
 

 Judges STROUD and ARROWOOD concur.